Ignacio T. Peñagarícano, demandante y apelado, *v.* Bonocio B. Llenza y Fernando Caso, demandados y apelantes.

No. 5440.—*Sometido:* Abril 30, 1931. *Resuelto:* Mayo 18, 1931.

*R. Muñoz Ramos,* abogado de los apelantes; *William Guzmán García,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Bonocio B. Llenza y Fernando Caso suscribieron una obligación por virtud de la cual se comprometieron a pagar solidariamente al Banco Comercial de Puerto Rico la suma de quinientos dólares. Se obligaron a pagar también solidariamente intereses al doce por ciento anual en caso de demora y las costas, consintiendo expresamente en la renovación o prórroga que pudiera concederse a instancia de cualquiera de los firmantes quedando éstos solidariamente responsables del balance. Renunciaron al derecho de aviso, presentación y protesto. Quedó también expresamente pactado que el banco podría, a su opción, en cualquier tiempo, apropiar y aplicar al pago total o parcial de la obligación cualquier suma de dinero en depósito o en cualquiera otra forma en dicho banco perteneciente a todos o a cualquiera de los firmantes.

Así las cosas, llegó el vencimiento de la obligación y no fué pagada. Poco después uno de los deudores, Llenza, convino con Ignacio T. Peñagarícano en que éste la pagara "por cuenta de ambos deudores" dice la demanda, sin mencionar al otro deudor, según la prueba, prometiéndole que le reintegraría el importe dentro de unos días. Peñagarícano fué al Banco, examinó la obligación, se enteró de que Caso era también deudor, y pagó la deuda recogiendo y reteniendo en su poder el documento. Peñagarícano no se comunicó con Caso. Llenza comunicó a Caso que la obligación fué recogida, sin explicarle cómo. Pasó el tiempo y como ni Llenza ni Caso reintegraron lo pagado a Peñagarícano, éste inició contra ambos la presente acción.

Los demandados alegaron que la demanda no aducía he-

chos suficientes, y declarada su excepción sin lugar, contestaron negando que el pago hecho por Peñagarícano se hubiera verificado por cuenta de ambos demandados, afirmando que lo fué sólo por cuenta de Llenza. La teoría de la contestación es que quedó establecida una nueva relación contractual exclusiva entre Llenza y Peñagarícano, de la cual quedó enteramente eliminado Caso.

Fué el pleito a juicio. No se permitió declarar a Llenza sobre el origen de la obligación, pero finalmente se permitió a Caso que contestara como sigue:

"Allá por octubre del 1926 pasaba yo por frente de la Intendencia y me encontré al señor Llenza. Lo veo un poco apurado. Hablamos y me dice que ese día era día de nóminas de una obra que tenía en Florida y que necesitaba alrededor de $500 para completar su nómina, y me pidió si no tenía inconveniente en darle mi firma para coger en el Banco Comercial esa suma: quinientos pesos. Le dije que no tenía inconveniente. Luego vino y me dijo que el Banco había aceptado mi firma como colateral; me trajo un pagaré, y se lo firmé. Varios días después, algún tiempo después, lo encontré y me dió las gracias y me dijo que había pagado el pagaré en el Banco, y no había oído más nada de ese asunto hasta que recibí la demanda del demandante."

Sometido el pleito finalmente a la decisión de la corte de distrito, lo falló condenando a ambos demandados a pagar al demandante la suma reclamada, intereses al 6 por ciento anual, a partir de la fecha de la interposición de la demanda, y costas. Ambos demandados interpusieron entonces el presente recurso de apelación.

Después de un estudio cuidadoso de todos los errores señalados, y de los autos, creemos que la sentencia apelada debe confirmarse.

▬▬▬ Puede admitirse que es cierto lo declarado por Caso, pero Caso no puede negar que no obstante ser ello así, por su propia voluntad suscribió una obligación en la que se constituyó deudor solidario y que a virtud de ser dos los deudores solidarios, uno de ellos él, fué que el Banco prestó la

suma de que se trata. Y repetidamente hemos resuelto que la obligación escrita prevalece cuando se trata de fijar las relaciones entre el acreedor y los deudores.

Puede admitirse también que es cierto que el único deudor que habló con el demandante y le pidió que recogiera la obligación vencida, ofreciendo reintegrarle el importe que satisficiera dentro de unos días, fué Llenza, y que el demandante actuó sin comunicarse con el otro deudor Caso y recogió el documento sin que Caso se hubiera enterado de ello. Eso no obstante, siendo como es también cierto que el demandante examinó el documento, cerciorándose de que eran dos los deudores solidarios, y pagó; precisa concluir que tiene el derecho que le reconoce el artículo 1126 del Código Civil, a saber: reclamar del deudor (aquí ambos demandados) lo que hubiere pagado, que es lo que hizo el demandante en este pleito.

El artículo citado, dice:

"Puede hacer el pago cualquiera persona, tenga o no interés en el cumplimiento de la obligación, ya lo conozca y lo apruebe, o ya lo ignore el deudor.

"El que pagare por cuenta de otro podrá reclamar del deudor lo que hubiese pagado, a no haberlo hecho contra su expresa voluntad.

"En este caso sólo podrá repetir del deudor aquello en que le hubiera sido útil el pago."

Amparándose en las últimas palabras del párrafo segundo, sostienen los apelantes, que el demandante puede reclamar de Llenza, pero no de Caso, pues si bien no se ha demostrado que Caso se opusiera expresamente al pago hecho por el demandante, su desconocimiento de la actuación del demandante equivale a su expresa oposición. No es posible admitir tal interpretación de la ley. Y aunque lo fuera, siempre resultaría que el pago hecho por el demandante fué útil a Caso, pues lo liberó de una obligación que necesariamente tenía que satisfacer, sin que haya demostrado que hubiera podido oponer alguna excepción válida al ser requerido para ello.

Lo que introduce alguna confusión es el artículo 1127 del Código Civil, que prescribe:

"El que pague en nombre del deudor, ignorándolo éste, no podrá compeler al acreedor a subrogarle en sus derechos."

¿Qué alcance tiene esta disposición en un caso como éste? No hay duda que el demandante pagó la deuda a Caso ignorándolo éste. El artículo se refiere, pues, a una situación como la de Caso. Pero aquí el demandante no dirige su acción contra el acreedor, y en tal virtud parece que el artículo nada tiene que ver. Ahora bien, el derecho del demandante a reclamar de Caso ¿sólo puede ejercitarse siempre que el demandante pueda subrogarse y se subrogue en el lugar del acreedor—el Banco—o emana de su simple actuación al pagar, conforme al artículo 1126?

Comentando Manresa los artículos 1158 y 1159 del Código Civil antiguo, iguales a los artículos 1126 y 1127 del Código Civil Revisado, se expresó así:

"*La reclamación de lo pagado y la subrogación: diferencias.*— Son los efectos principales, el derecho de ese tercero a reclamar del deudor para ser reembolsado de lo que por él haya satisfecho, y el de subrogarse en el lugar y en los derechos del acreedor con todas las facultades de éste, que tal subrogación lleva consigo. El primero de dichos efectos se produce siempre, más o menos limitado, y el segundo, es más contingente, pudiendo con facilidad dejar de producirse. Aunque a primera vista se note entre uno y otro efecto del pago hecho en las condiciones que indica el epígrafe cierta semejanza, no es sutil la distinción que entre ambos se establece, sino que los separa una esencial diferencia en su naturaleza jurídica y en sus efectos prácticos, a más de la muy importante ya indicada, que resulta de ser su graduación consecuencia que en el un caso se deriva necesariamente del pago, y en el otro puede derivarse o no.

"La facultad de repetir lo que por el deudor se ha satisfecho, se basa en el solo hecho del pago y en una consideración de elemental justicia; pero sólo da al tercero que paga una simple acción personal, cuya procedencia declara la ley, sin que ostente los demás derechos, facultades o garantías que al acreedor reconociese la obligación antigua, que al ser pagada quedó como tal extinguida. En cambio, procediendo la subrogación, si bien es claro que como consecuencia

principalísima de ella, el tercero que paga y se subroga en el lugar del acreedor, tiene como facultad esencial la de reclamar lo satisfecho por él, existe respecto del caso anterior la notable diferencia de que no ostenta sola aquella facultad, sino acompañada de las demás que la rodearan según la obligación contraída entre acreedor y deudor primitivos: obligación que, por tanto y en rigor, puede decirse más bien transformada en cuanto a su sujeto activo, que extinguida en cuanto a sus efectos y relación, a tal extremo, que bien puede hacerse la distinción de que en semejante caso, al pedirse por el tercero lo pagado, reclama el importe de la obligación, y según y por ella, más bien que el reembolso del pago, sin más fundamento que el hecho sólo de haberlo realizado.

"*"   *   *   *   *   · *   *

"*Subrogación del tercero en el lugar del acreedor.*—Comenzamos esta materia indicando que, a nuestro entender, las reglas que da el Código en este lugar respecto a la materia que sirve de epígrafe, están dictadas principalmente para la hipótesis de que pague un tercero no interesado en el cumplimiento de la obligación, y no se oponen a los preceptos especiales que se contienen en otros lugares (novación y fianza), tratándose de pago hecho por personas que tienen interés en dicho cumplimiento.

"Sirve de base también a esta materia de la subrogación, la misma ya explicada con motivo de la reclamación de lo pagado por el tercero, o sea la actitud del deudor respecto al pago, antes de verificarse éste. Según tal base, procederá la subrogación cuando el deudor conozca el proyecto de pago y a él no se oponga, es decir, cuando lo apruebe expresa o tácitamente, y esto, ya porque el precepto excepcional de la no subrogación, contenido para caso distinto en el art. 1159, acusa la existencia de una regla general, según la cual aquélla se verifica, ya porque hay en este punto una concordancia con dicha solución en las presunciones que la ley establece cuando de la novación se ocupa.

"En el caso distinto de que el deudor ignore el pago por el tercero, éste no podrá compeler al acreedor a que le subrogue en sus derechos, según la terminante declaración del art. 1159; precepto y solución aplicables también al otro caso de que el deudor se oponga al pago, puesto que en este último existen más acentuadas, con mayor fuerza aún, las razones en que dicho precepto legal se basa." *Manresa—Comentarios al Código Civil*, 245, 248.

La distinción no se aprecia claramente a primera vista, pero existe. La razón del precepto, la encontramos en la *En-*

*ciclopedia Jurídica Española,* tomo 24, pág. 217. Al hablar sobre quién puede hacer el pago, establece cinco casos dife· rentes y dice con respecto al cuarto:

*"El que pague en nombre del deudor ignorándolo éste, no podrá compeler al acreedor a que le subrogue en sus derechos.* También es fácil comprender el espíritu en que se inspira esta regla, porque bien se percibe que para el deudor no puede ser indiferente resultar ligado con sujeto distinto de aquél con quien adquirió la obligación, pues este tercero puede por sus circunstancias personales, hacerla más onerosa o molesta. Si no se admitiera este principio, resultaría abierta la puerta a una colocación subrepticia de los capitales y se daría margen·e instrumento fácil para ejercer con apariencias de legalidad venganzas y vejaciones que la ley no puede proteger, ni aun indirectamente."

Un caso concreto como éste que está sometido a nuestra consideración y resolución ilustra las diferencias que existen entre los artículos del Código Civil a que venimos refiriéndonos. Al describir la obligación de Llenza y Caso para con el Banco Comercial, hecha constar en el documento recogido por el demandante al verificar el pago, hicimos notar que no sólo se comprometieron los deudores a pagar solidariamente al acreedor, si que también convinieron en satisfacer intereses de demora al 12 por ciento anual, consintieron expresamente en la renovación o prórroga a instancia de cualquiera de los firmantes, renunciaron al derecho de aviso, presentación y protesto y el banco quedó autorizado a apropiarse y aplicar al pago cualquier depósito o suma de dinero de los deudores que en alguna forma llegare a su poder.

Ninguna de estas condiciones especiales pasó al demandante en cuanto a Caso, porque el derecho del demandante no emana de haberse subrogado en lugar del acreedor, sino que emana simplemente del artículo 1126 del Código Civil Revisado, a virtud de haber pagado la deuda del deudor. De ahí que el demandante, no obstante haber pagado y recogido la obligación desde diciembre de 1926, al interponer la demanda en noviembre de 1929 se limitara a reclamar estrictamente lo que pagó, con intereses *al tipo legal* (6 por

ciento anual) *desde la interposición de la demanda,* que fué lo que le concedió la corte al dictar su sentencia.

En un caso como éste lo que hay que indagar es si trata de una deuda legítima que el deudor tiene necesariamente que satisfacer. Si ello es así y la deuda se paga por un tercero, el tercero tiene como un derecho independiente y nuevo, el de recobrar lo pagado del deudor aunque éste ignore el pago. Cuando el pago se verifica contra la expresa voluntad del deudor, entonces el derecho de la tercera persona que verifica el pago, se limita a repetir del deudor aquello en que el pago le hubiere sido útil.

Que Caso era un deudor solidario con Llenza de la obligación pagada por el demandante, es evidente. Y como evidente es también que el demandante pagó la obligación, es claro que tiene el derecho de recobrar de Llenza y de Caso, o de cualquiera de ellos, lo pagado, no obstante haberse verificado el pago a sugestión de Llenza y sin conocerlo Caso.

*Debe confirmarse la sentencia recurrida.*