MALGOR & COMPAÑÍA, demandante y apelada, *v.* PEDRO GONZÁLEZ LEVY y J. CLIVILLÉS & Co. SUCRS., S. EN C., demandados y apelante la última.

No. 5103—*Sometido:* Marzo 11, 1930. *Resuelto:* Junio 19, 1931.

*Largé & Acevedo,* abogados de la apelante; *Angel R. de Jesús,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La sociedad mercantil J. Clivillés & Ca., Sucrs., S. en C., que en adelante llamaremos Clivillés y Ca., compró en subasta pública judicial una finca que estaba gravada con dos hipotecas por un total de $2,100. Vendió luego la finca a Pedro González Levy, que es su actual dueño, y posteriormente la mercantil Malgor y Ca., que adquirió por cesión los dos créditos hipotecarios, demandó a Pedro González Levy y a Clivillés y Ca., al primero para que le pagase las hipotecas con el producto de la venta de la finca, y a Clivillés y Ca. para que sea condenada a pagar el déficit que resulte en la venta de la finca hipotecada, si la cantidad obtenida en la subasta no cubriese el importe de las hipotecas.

Clivillés & Ca. formuló excepción previa contra la demanda alegando que no aduce causa de acción contra ella, pero fué declarada sin lugar por la corte. Celebrado el juicio fué condenado González Levy y también Clivillés y Ca. en los términos que hemos indicado.

En la apelación interpuesta por Clivillés y Ca. contra esa sentencia alega como uno de los motivos de su recurso que la corte inferior cometió error al declarar sin lugar dicha excepción previa y al condenarla al pago.

██ La demanda descansa en el supuesto de que por virtud de cierta cláusula de la escritura de venta que el márshal otorgó a Clivillés y Ca. ésta quedó subrogada en la obligación personal que el hipotecante de la finca tenía de responder con todos sus bienes de la cantidad que no cubriese la venta de la finca hipotecada como garantía de la cantidad prestada, cuestión que no tenemos que resolver ahora pues la suscitada por la excepción previa es si en este pleito hay causa de acción contra Clivillés y Ca., aun aceptando que se subrogó en la obligación personal del primitivo deudor que

hipotecó la finca. En otras palabras, si Clivillés y Ca., en el supuesto de ser responsable personalmente, puede ser demandada antes de que se haya vendido la finca y de que el precio obtenido en la subasta no sea suficiente para cubrir la deuda garantizada con la hipoteca.

La obligación de pagar que pueda tener Clivillés y Ca. en este caso está supeditada al cumplimiento de una condición suspensiva, que es la de que el precio obtenido en la subasta de la finca hipotecada no alcanzase a cubrir el importe de las hipotecas, la cual no puede ser cumplida hasta después que se realice la venta y resulte déficit en ella. Clivillés y Ca. no puede ser condenada sin que se haya cumplido esa condición suspensiva. Según el artículo 1080 del Código Civil será exigible desde luego toda obligación cuyo cumplimiento no dependa de un suceso futuro o incierto; y de acuerdo con el 1081 del mismo código, en las obligaciones condicionales la adquisición de los derechos, así como la resolución o pérdida de los adquiridos, dependerá del acontecimiento que constituye la condición. Por consiguiente, mientras no ocurra el suceso futuro de que la venta de la finca no haya cubierto la deuda hipotecaria no ha nacido en la demandante el derecho que pueda tener a cobrar de Clivillés y Ca., la que no está obligada a defenderse de una reclamación que no existe ahora y quizás nunca llegue a existir, si la venta cubre toda la deuda. Ella no puede ser molestada con reclamación incierta e indebida ahora. También el Código de Enjuiciamiento Civil en su artículo 37 declara que las acciones civiles podrán deducirse luego de existir su causa legal; y en 1 Cyc 743 se dice que cuando debe pagarse dinero al acontecimiento de un hecho, no puede entablarse pleito alguno hasta que el hecho haya acontecido.

El caso de *M. Lamadrid & Co.* v. *Torréns & Co.*, 28 D.P. R. 879, citado por la parte apelada, no es de aplicación al presente porque en él se trataba de un socio colectivo demandado al mismo tiempo que la sociedad, que por la ley tiene

460

impuesta responsabilidad personal y solidaria como la de fiador de la sociedad, con el derecho de excusión de bienes como los fiadores, mientras que en el que resolvemos la responsabilidad que se reclama depende de la interpretación de una cláusula de un contrato y no se trata de un fiador. De todos modos en el caso de Lamadrid fuimos tan lejos como pudimos, y creemos que su doctrina debe ser aplicable únicamente a situaciones como la que en él existió.

La excepción previa de falta de causa de acción contra Clivillés y Ca. debió ser declarada con lugar, y como la demanda no es enmendable en cuanto a la apelante debemos revocar la sentencia condenatoria dictada contra J. Clivillés y Ca., Sucrs., S. en C., y dictar otra absolviendo a esa demandada, sin especial condena de costas.

OPINIÓN CONCURRENTE DEL JUEZ ASOCIADO SEÑOR WOLF.

Estoy conforme con el razonamiento de la opinión, con excepción de la cita del caso de Lamadrid, por haber disentido en él.