GUILLERMO y ANTONIO FERNÁNDEZ PÉREZ, demandantes, apelantes y apelados, *v.* FÉLIX LUYANDO y su esposa JOSEFA RAMOS, y ULPIANO HERNÁNDEZ, demandados, apelados y apelantes.

No. 5947.—*Sometido:* Febrero 2, 1933. *Resuelto:* Mayo 11, 1934.

*H. Torres Solá*, abogado de los apelantes y apelados; *A. Marín Marién*, abogado de los esposos Luyando-Ramos.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Félix Luyando y su esposa debían $1,000 a Guillermo Fernández Pérez y $2,000 a Antonio Fernández Pérez y para garantizar la deuda Félix Luyando y su esposa otorgaron hipoteca a favor de los hermanos Fernández sobre una finca que se describe en la demanda. Más tarde Luyando y su esposa vendieron la finca a Ramón Díaz Díaz, quien la vendió a Vicente Tellado y éste a su vez la vendió a Ulpiano Hernández.

La deuda hipotecaria venció y no fué satisfecha. Entonces Guillermo y Antonio Fernández presentaron una acción ordinaria contra Ulpiano Hernández, que era el poseedor material de la finca, y contra Félix Luyando como deudor original. En la demanda se decía que la finca no valía más de $1,500, hecho que la evidencia aportada durante el juicio tendió a probar.

La teoría de la demanda evidentemente fué que la finca hipotecada debía responder de la deuda en cuanto fuere posible, y que a Luyando, el deudor original, debía hacérsele responsable de la diferencia.

La Corte de Distrito de San Juan, siguiendo nuestra decisión en el caso de *Malgor & Co.* v. *Clivillés,* 42 D.P.R. 457, resolvió que la demanda no aducía una causa de acción con respecto a Luyando. La teoría de la corte, de conformidad con dicho caso, fué que hasta tanto se vendiera la finca en pública subasta, la acción contra Luyando era prematura. Aquel caso fué uno en que resolvimos, en efecto, que antes de que pudiera surgir una obligación personal contra otra persona, debía venderse la finca. No podemos convenir en que pueda hacerse una distinción del caso. Si bien de acuerdo con los hechos podría llegarse a la misma decisión por otro

fundamento, sin embargo, el caso resuelve terminantemente que no surge causa de acción alguna hasta efectuarse la venta. La decisión fué correcta, pero no puede sostenerse que la opinión prevalece cuando se inicia una acción ordinaria tanto contra la finca como contra otra persona que también es responsable, en el presente caso el deudor original. Las siguientes autoridades tienden a sostener esta conclusión: *Santos* v. *Morán,* 32 D.P.R. 59; *Trueba* v. *Rosales,* 33 D.P.R. 1027; *Molina* v. *Pascual,* 42 D.P.R. 668; 42 C. J. 296, nota 25.

Es claro, conforme indican los apelantes, que la hipoteca es accesoria a una obligación principal (artículo 1758 del Código Civil) y que la obligación de Luyando continúa insoluta y exigible hasta que sea pagada. Por supuesto, los hermanos Fernández pudieron haber elegido renunciar a su derecho hipotecario enteramente e iniciar un procedimiento exclusivamente contra Luyando. No lo hicieron así. Promovieron un procedimiento hipotecario corriente contra Hernández e incluyeron a Luyando como deudor personal. Por ende, aunque creemos que el caso debe ser revocado y que el pleito no fué prematuro, sin embargo, los hermanos Fernández no tienen derecho a una sentencia absoluta contra Luyando, y no la solicitaron. Lo que deben obtener en este caso, según la forma en que han instituído su acción y de acuerdo con la súplica de la misma, es una sentencia contra la finca hipotecada y una sentencia por el saldo de la deuda (*deficiency judgment*) no cubierto por la venta. En otras palabras, *la sentencia debe ser revocada y en su lugar dictarse otra según la cual, y de acuerdo con la ley, debe venderse en pública subasta la finca hipotecada y ordenarse y decretarse que Luyando pague cualquiera deficiencia que pueda surgir con motivo de la venta de la finca.*

VOTO DISIDENTE DEL JUEZ ASOCIADO SR. ALDREY

MAYO 12, 1934.

Félix Luyando reconoció deber cierta cantidad de dinero a los hermanos Guillermo y Antonio Fernández Pérez y para

garantía de esa deuda hipotecó una finca de su propiedad, la que después de sucesivas ventas es ahora de Ulpiano Hernández. Cuando esa obligación venció y no fué satisfecha los hermanos Fernández Pérez demandaron en juicio ordinario al actual dueño de la finca, Ulpiano Hernández, para cobrar su crédito con el producto de la venta de la finca hipotecada y también, en el mismo pleito, al deudor original Félix Luyando para que le pagase la cantidad de su deuda que no cubriese la venta de la finca.

No hay duda de que los hermanos Fernández tienen contra Luyando la acción que tratan de ejercitar pero su ejercicio es prematuro como dijo este tribunal en el caso de *Malgor & Co.* v. *Clivillés & Co.*, 42 D.P.R. 457, por las razones que entonces fueron expuestas, pues mientras la finca hipotecada no sea vendida en la subasta no puede saberse si ha quedado insoluta alguna parte del crédito hipotecario que tenga que pagar Luyando. Hasta que tal cosa ocurra no puede determinarse si Luyando debe pagar alguna cantidad, ni el montante de ésta. Puede ocurrir que la subasta de la finca cubra toda la deuda hipotecaria, no quedando entonces responsabilidad para Luyando. Por tanto, mientras ocurra el suceso futuro de tener que pagar Luyando la diferencia entre el dinero obtenido en la subasta y el de su deuda y se sepa el montante de esa diferencia no puede ejercitarse acción contra él y obligársele a los gastos de un litigio en el que no se puede afirmar que tiene que pagar alguna diferencia a los hermanos Fernández ni por consiguiente cuánto tiene que pagarles.

Que lo antes expuesto es así lo demuestra la sentencia dictada por la mayoría del tribunal en este caso, pues no contiene condena concreta contra Luyando de pagar cantidad alguna a los Fernández sino la futura e incierta de que en el caso de que el producto de la venta no resultare suficiente para satisfacer la totalidad del crédito hipotecario pague Luyando cualquier saldo o deficiencia que quede en descubierto. Así, pues, se le condena a pagar sin determinarse

ni saberse si en realidad tiene que pagar algo, ni la cuantía de lo que deberá pagar. Se ha dictado una sentencia que no puede ser ejecutada ahora y quizá nunca, por estar sujeta a una condición futura e incierta que tal vez no llegue.

Por lo expuesto mi opinión es que no debió ser revocada la sentencia apelada que declaró ser prematuro el ejercicio de la acción de cobro de dinero contra Luyando y su esposa.