Sara E. Moore, demandante y apelante, *v.* Ulises Román Borges y su esposa Remedios Cruz Landráu, Juana Miranda, Vicente y Paula Rodríguez, demandados y apelados.

No. 6149.—*Sometido:* Diciembre 13, 1933. *Resuelto:* Mayo 31, 1934.

*Luis E. Dubón* y *B. Sánchez Castaño,* abogados de la apelante; *A. Román Font,* abogado de los apelados.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Román Borges y su esposa, Remedio Cruz Landráu, excep-

cionaron la demanda en cobro de crédito hipotecario por la vía ordinaria, presentada contra ellos como deudores hipotecarios, y contra las personas que de ellos adquirieron y sus causahabientes, actuales dueños de la finca hipotecada. Los motivos de la excepción fueron: primero, indebida acumulación de partes demandadas; segundo, indebida acumulación de acciones; y tercero, falta de hechos suficientes para determinar una causa de acción contra los deudores hipotecarios. El juez de distrito declaró sin lugar la excepción en lo que al segundo fundamento se refería, pero la sostuvo por los motivos primero y tercero. Luego denegó una moción de nuevo juicio y declaró sin lugar la demanda.

■■ Al sostener la excepción previa de indebida acumulación de partes demandadas y de falta de hechos suficientes para determinar una causa de acción contra los deudores hipotecarios, y al negar la moción de reconsideración, el juez de distrito se basó en el caso de *Malgor & Cía.* v. *Clivillés & Cía., Sucrs.*, 42 D.P.R. 457. La doctrina del caso de Malgor, en tanto en cuanto tiende a sostener estas resoluciones, fué abandonada en *Luyando* v. *Díaz*, ante, pág. 691, y en *Fernández* v. *Luyando*, ante, pág. 687.

En el presente caso, la demandante alegó: la concesión de un préstamo de $2,000 a Román Borges y su esposa; la existencia de un convenio de pagar el mismo con intereses al 10 por ciento; la falta de pago; el otorgamiento de una hipoteca para garantizar dicho pago y una suma adicional de $150 para costas, desembolsos y honorarios de abogado en caso de litigio; y ventas sucesivas de distintas partes de la finca hipotecada a otros demandados. Se solicitaba se dictase una sentencia mancomunada y solidaria por cierta suma de dinero; la venta de la finca hipotecada; y mandamiento de ejecución en caso de que hubiese un déficit, el cual sería diligenciado sobre otros bienes de los demandados, por el importe de tal déficit.

Puede admitirse que no habiéndose hecho alegación alguna respecto a la existencia de una obligación personal asu-

mida por los actuales dueños de la finca hipotecada, la demandante no tendría derecho a una sentencia por deficiencia (*deficiency judgment*) contra estos demandados. Empero, los hechos relatados sostendrían una sentencia por deficiencia contra los deudores hipotecarios Borges y su esposa. El caso de *Fernández* v. *Luyando,* supra, sirve de autoridad para la consecución de tal sentencia en un pleito ejecutivo ordinario.

*La sentencia apelada debe ser revocada y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

OPINIÓN DISIDENTE EMITIDA POR EL JUEZ ASOCIADO SEÑOR ALDREY

He disentido en el presente caso por los mismos motivos expresados en la opinión disidente que autoricé en el recurso de apelación No. 5947, Guillermo y Antonio Fernández Pérez, demandantes, apelantes, apelados, v. Félix Luyando y su esposa Josefa Ramos, *et al.,* apelados apelantes, resuelto en 11 de mayo de 1934 (ante, pág. 687).