Marcia Torres Maldonado, demandante y apelante, *v.* Antonio Fernández Méndez, Higinio Pastoriza y María Cruz, demandados y apelados.

No. 6344.—*Sometido:* Noviembre 14, 1934. *Resuelto:* Diciembre 24, 1934.

*Ángel A. Vázquez,* abogado de la apelante; *Bolívar Pagán,* abogado del Sr. Fernández Méndez, apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Antonio Fernández Méndez, acreedor hipotecario de Higinio Pastoriza y María Cruz, inició una acción personal en cobro de pesos para obtener el pago de su crédito y con el fin de asegurar la efectividad de la sentencia que pudiera recaer en dicho pleito embargó, en 18 de septiembre de 1930, la misma finca objeto de la hipoteca otorgada a su favor, la cual, si bien aparecía inscrita en la fecha del embargo a nombre de sus deudores, había sido vendida por éstos a la demandante Marcia Torres Maldonado mediante escritura pública otorgada en 15 de mayo de 1929. El préstamo hipoteca-

rio fué contraído en 26 de julio de 1928, e inscrito en 29 de agosto del mismo año en el registro de la propiedad.

En 3 de junio de 1931 la compradora de la finca, Marcia Torres Maldonado, promovió demanda de tercería de dominio contra Antonio Fernández Méndez, Higinio Pastoriza y María Cruz, solicitando la cancelación del embargo y el reconocimiento de sus derechos dominicales sobre el inmueble referido.

Contestó el demandado alegando que la finca embargada pertenecía en pleno dominio a los deudores hipotecarios en la fecha en que se trabó el embargo y negando que la demandante fuese dueña entonces de la referida finca. Se alegó además en la contestación que la acción incoada por la demandante no es otra cosa sino una conjura para defraudar al demandado de los $6,000 en efectivo que mediante garantía hipotecaria de la finca objeto del presente pleito entregó en calidad de préstamo a Higinio Pastoriza y María Cruz.

La corte inferior declaró sin lugar la demanda por entender que la trasmisión de la finca a favor de la demandante tiene la presunción de haber sido hecha a título gratuito porque no se entregó precio alguno en presencia del notario y por considerar que la venta del inmueble, inscrita después del embargo, es falsa y simulada.

Aunque son varios los errores atribuídos a la corte inferior, nos limitaremos a resolver la cuestión fundamental planteada por la parte apelante al impugnar la decisión del tribunal inferior negándose a eliminar de la contestación la alegación que califica de conjura para defraudar al demandado, Antonio Fernández Méndez, la acción incoada por la demandante. De acuerdo con la prueba la hipoteca otorgada a favor del demandado apelante fué oportunamente inscrita en el registro de la propiedad. La venta de un inmueble hipotecado es una transacción autorizada por la ley. El acreedor hipotecario no tiene que preocuparse porque el inmueble pase de una mano a otra. Sus derechos quedan completamente garantidos en virtud de la inscripción de la

hipoteca en el registro de la propiedad. Puede que la venta del inmueble a favor de la parte demandada fuera simulada como concluye la corte inferior; pero el acreedor hipotecario, si no ha resultado perjudicado por la simulación, no tiene, a nuestro juicio, derecho alguno para provocar de la corte un pronunciamiento dejando sin efecto una transacción que en nada le perjudica. Ésta será una cuestión para ser ventilada más tarde por las partes contratantes o por algún tercero que pueda haber resultado perjudicado en virtud del contrato que se considera simulado. Es más, de la venta de la finca no es posible deducir propósito de fraude alguno, porque es imposible defraudar a un acreedor hipotecario, que tiene inscrita la hipoteca, por el hecho de que el inmueble hipotecado haya cambiado de dueño. La parte que alega la simulación de un contrato debe demostrar su interés para que pueda establecer su derecho. La defensa establecida por el demandado apelado debió ser eliminada, porque de la venta del inmueble no es posible deducir la conjura alegada.

■■ La hipoteca es un contrato puramente accesorio que no puede existir sin una obligación principal a cuyo cumplimiento sirve de garantía. El acreedor no está obligado a utilizar la garantía para el pago de su crédito, si así no lo desea. Como dijimos en *Luyando* v. *Fernández,* 46 D.P.R. 689, el acreedor puede prescindir de la garantía hipotecaria, y reclamar judicialmente la efectividad de la obligación mediante una acción personal. Esto fué lo que hizo el acreedor y demandado apelante, Antonio Fernández Méndez. En vez de acogerse al procedimiento sumarísimo de la Ley Hipotecaria o de ejecutar la hipoteca por la vía ordinaria para sujetar la finca gravada al pago de su crédito, prescindió de la garantía, ejercitó una acción puramente personal en cobro de pesos, y para asegurar la efectividad de la sentencia embargó la misma finca que garantizó su obligación, cuando ya había pasado a ser propiedad de una tercera persona. El hecho de que el inmueble no apareciera inscrito a favor de la demandante cuando se practicó el embargo, no impide a dicha de-

mandante ejercitar sus derechos dominicales ni autoriza al demandado a ejecutar la referida finca sin haber establecido una acción real en cobro del crédito hipotecario y haber dado a la dueña la oportunidad de defenderse como parte en la acción. El embargo quedó trabado en 18 de septiembre de 1930. La demandante inscribió su título en 2 de octubre del mismo año. El acreedor hipotecario, al tener conocimiento por medio del registro de que la finca había sido vendida a una tercera persona, pudo haber ejercitado la acción correspondiente para hacer efectiva la obligación en el inmueble hipotecado. La ley ofrece al acreedor hipotecario completa protección para que pueda sujetar la garantía al cumplimiento de la obligación. Si por haber prescindido de esta garantía no puede asegurar la efectividad de su crédito en la cosa hipotecada, culpa es de sus propios actos y no tiene, por tanto, motivos para quejarse.

Por las razones expuestas, *debe revocarse la sentencia apelada* y dictarse otra en su lugar declarando que la demandante Marcia Torres Maldonado es dueña de la finca que se describe en la demanda y ordenando la cancelación del embargo practicado en el registro de la propiedad a petición del demandado, sin especial condenación de costas y sin perjuicio de que dicho demandado pueda ejercitar la acción real correspondiente con la intervención de todas las partes interesadas para hacer efectiva en el inmueble hipotecado la obligación contraída a su favor.