VICENTE USERA SEDA, demandante y apelado, *v.* ANTONIA RIEDER LARRAÑAGA, demandada y apelante.

No. 6631.—*Sometido:* Abril 24, 1935. *Resuelto:* Abril 30, 1935.

F. *Parra Capó, Alfredo Arnaldo Sevilla* y *Alfredo Arnaldo, Jr.,* abogados de la apelante; A. *Fiol Negrón,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En 5 de julio de 1933 Vicente Usera y Seda satisfizo al Tesorero de Puerto Rico la cantidad de $3,017.62, adeudados por la demandada Antonia Rieder Larrañaga por contribuciones vencidas durante los años económicos 1930–31, 1931–32 y 1932–33, sobre cinco fincas rústicas radicadas en la municipalidad de Ponce, cuyo dominio pertenece a la referida señora. Se alega en la demanda que ni la demandada ni nadie a su nombre ha satisfecho al demandante ni en todo ni

en parte la referida suma, cuyo pago reclama por medio de esta acción personal en cobro de dinero.

En su contestación la demandada describe cinco fincas rústicas, haciendo constar que el demandante Vicente Usera y Seda tiene constituída a su favor hipoteca sobre las referidas cinco fincas y que los $3,017.62, que se pagaron por concepto de contribuciones sobre los inmuebles descritos, deben acumularse a su gravamen hipotecario y ser reembolsados al tipo de interés especificado en dicho crédito hipotecario. Admite la demandada que debía al Pueblo de Puerto Rico por concepto de contribuciones la cantidad que satisfizo el demandante y establece como única defensa la existencia del crédito hipotecario a favor del Sr. Usera y la acumulación que a su juicio debe hacerse de la cantidad pagada al crédito referido.

En vista de las admisiones de la parte demandada, el demandante solicitó y obtuvo sentencia sobre las alegaciones. En esta sentencia se condenó a la demandada a satisfacer al demandante la suma que se reclama en la demanda, incluyendo costas y honorarios de abogado. De esta sentencia apeló la demandada, alegando que la corte inferior erró al estimar que la materia nueva de la contestación no establece controversia alguna y al dictar sentencia sobre las alegaciones, declarando con lugar la demanda y condenando en costas y honorarios de abogado a la parte perdidosa. A juicio de la demandada el demandante tiene un crédito a su favor por la cantidad de $3,017.62 que no puede hacerse efectivo por la vía judicial sin haber vencido la obligación para cuya garantía se constituyó dicho gravamen. Es decir, la deudora acepta el pago y reconoce la obligación que surge a favor del demandante, pero entiende que la misma no es exigible y que por lo tanto no puede compelérsele a su inmediato cumplimiento. La cuestión planteada es completamente sencilla. Se trata de una deuda legítima que la demandada, en su carácter de deudora, tenía necesariamente que satisfacer. Dis-

pone el artículo 1112 del Código Civil que cuando existe la obligación de pagar una deuda, el pago puede hacerse por cualquier persona, tenga o no interés en el cumplimiento de la obligación, ya lo conozca y lo apruebe, o ya lo ignore el deudor. El que pagare por cuenta de otro podrá reclamar del deudor lo que hubiese pagado, a no haberlo hecho contra su expresa voluntad. *Peñagarícano* v. *Llenza,* 42 D.P.R. 214.

En el presente caso el demandante, que tiene hipotecadas a su favor las fincas sobre las cuales pesaban las contribuciones vencidas, satisfizo el importe de las mismas, indudablemente con el propósito de evitar que fuesen ejecutadas por el Tesorero de Puerto Rico. Es verdad que cuando el acreedor hipotecario satisface contribuciones vencidas sobre la propiedad gravada, puede acumular dichas contribuciones al gravamen, pero ésta es una garantía que se concede para que el acreedor hipotecario pueda asegurar la obligación que surge a su favor con motivo del pago, ampliando el gravamen hipotecario con el importe de las contribuciones satisfechas. Ya hemos dicho que la hipoteca es un contrato puramente accesorio que no puede existir sin una obligación principal a cuyo cumplimiento sirve de garantía. El acreedor no está obligado a utilizar la garantía para el pago de su crédito si así no lo desea, pudiendo prescindir de la garantía hipotecaria y reclamar judicialmente la efectividad de la obligación mediante una acción personal. *Fernández* v. *Luyando* 46 D.P.R. 687; *Torres* v. *Fernández,* 47 D.P.R. 845. Es lo que ha hecho el Sr. Usera en el presente caso. Satisfizo al Tesoro Insular cierta cantidad de dinero que adeudaba la demandante por contribuciones vencidas y, haciendo uso de su derecho para reclamar inmediatamente el pago de la misma, en vez de acumular la contribución pagada al gravamen hipotecario constituído a su favor, se ha valido de esta acción personal en cobro de dinero para que se le reintegre lo que legítimamente se le debe. Nadie puede discutir al acreedor hipotecario que paga contribuciones vencidas sobre la finca gravada, el de-

recho de renunciar a la garantía que le ofrece la ley y exigir el cumplimiento inmediato de la obligación que surge a su favor como consecuencia del pago.

El pronunciamiento sobre costas debe ser sostenido. La contestación a la demanda no establece controversia. Basta leer las alegaciones. De una parte, el derecho del demandante, claro y evidente; de la otra, la oposición de la demandada, viciosa y temeraria.

*Debe confirmarse la sentencia apelada.*