HERNÁNDEZ v. FERNÁNDEZ ET AL.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 559.—Resuelto en febrero 2, 1911.

HIPOTECA—ADJUDICACIÓN DE FINCA HIPOTECADA EN PAGO DE CRÉDITO DE CARÁCTER
PERSONAL.—La hipoteca sujeta directa é inmediatamente los bienes sobre
que se impone, cualquiera que sea su poseedor, al cumplimiento de la obliga-
ción para cuya seguridad fué constituída, y por consiguiente, el acreedor que
obtenga la adjudicación de una finca hipotecada, en el ejercicio de una ac-
ción personal, la adquiere con sujeción al gravamen′ constituído.
ID.—PROCEDIMIENTO ORDINARIO—PROCEDIMIENTO SUMARÍSIMO.—El hecho de que el
acreedor hipotecario hubiere entablado un procedimiento ordinario para el
cobro de su hipoteca, no es obstáculo para que pueda iniciar después el proce-
dimiento sumarísimo que establece la Ley Hipotecaria, cuando se demuestra,
como se ha demostrado en el caso de autos, que la sentencia obtenida en el
primer pleito no pudo cumplirse.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Benjamin J. Horton.*
Abogado del apelado: *Sr. José Ramón Freyre.*

EL JUEZ ASOCIADO, SR. DEL TORO, emitió la opinión del tri-
bunal.

Agustín Hernández Mena presentó en la Corte de Distrito
de Mayagüez una demanda que parece haberse radicado bajo
el No. 2372 dirigida contra José A. Fernández Pérez en repre-
sentación de sus menores hijos José Antonio, Manuel Eva-

risto y Benigno Claudio Fernández y Diez, solicitando que la corte declarara, 1°., nulas las actuaciones en el caso número 2349 de la Corte de Distrito de Mayagüez seguidas por los demandados contra el demandante y su esposa, sobre cobro de crédito hipotecario, 2°., cancelada cierta hipoteca constituída por Claudio Nin a favor de José A. Fernández, cedida por éste a F. Crestar y D. Fernández, por éstos a G. González y donada por este último a los menores hijos de J. A. Fernández, y 3°., cancelada la inscripción en el registro de la expresada hipoteca.

Contestada la demanda, se celebró la vista conjuntamente con la de otro pleito seguido entre las mismas partes, y la corte, en marzo 23 de 1910, resolvió ambos casos por la siguiente sentencia que ha sido apelada en cuanto al pleito No. 2372.

"Estas causas fueron llamadas para juicio el día 14 de febrero de 1910, compareciendo el demandante en persona y los demandados representados por su abogado Lcdo. José R. Freyre. El demandante solicitó la acumulación de los dos pleitos, mostrando su conformidad el demandado, por lo que la corte ordenó se acumularan los dos casos. Oídos los alegatos, la prueba practicada y los argumentos de ambas partes, la corte reservó su decisión hasta el día de hoy en que declara:

"1°. En cuanto a la causa número 2372, que la ley y los hechos están a favor de los demandados y en contra del demandante.

"2°. En cuanto a la causa número 2387 (*a*) que la ley y los hechos están a favor del demandante en todo lo que se refiere a su solicitud de nulidad, por no. haber los demandados expuestos fielmente los hechos en el procedimiento hipotecario sumarísimo seguido en esta corte con el número 2349, habiendo dirigido dicho procedimiento en cobro de $960 contra una finca que solo debía responder de $600; y (*b*) que el demandante no ha aportado prueba que justifique la concesión de la indemnización que solicita en concepto de daños y perjuicios.

"En su consecuencia, la corte declara nulo y sin valor ni eficacia alguna, el procedimiento sumarísimo No. 2349 seguido en esta corte por José A. Fernández, en representación de sus menores hijos José Antonio, Manuel Evaristo y Benigno Claudio Fernández y Diez, contra Agustín Hernández Mena y Juana Lliteras, reservando a los referidos José A. Fernández y menores hijos, mientras no está satisfecho

su crédito, el derecho de iniciar un nuevo procedimiento hipotecario en cobro de la suma garantida por la hipoteca de 14 de enero de 1901, dirigiéndose contra las fincas hipotecadas en la proporción en que deben responder.

"Se ordena además, que cada parte pague sus propias costas.

"Mayagüez, P. R., marzo 23 de 1910. Otto Schoenrich, Juez de Distrito."

Las alegaciones en este caso son largas y confusas, pero la cuestión fundamental envuelta en el mismo, es sencilla y está claramente prevista y resuelta por la ley.

Aparece que Claudio Nin constituyó hipoteca sobre tres fincas, una de 28 cuerdas, otra de 12 y otra de 5, a favor de José A. Fernández, para garantir el pago de cierta deuda. Fernández cedió el crédito a F. Crestar y D. Fernández, éstos a su vez lo cedieron a G. González y éste lo donó a los menores hijos de J. A. Fernández a favor de quienes consta inscrito en el registro de la propiedad.

Agustín Hernández Mena siguió un procedimiento contra el dicho Claudio Nin ejercitando una acción personal en cobro de pesos y obtenida sentencia a su favor, se vendió para satisfacerla en pública subasta la mitad de la finca de 28 cuerdas hipotecada por Nin a favor de Fernández, habiéndola adquirido el propio Hernández Mena.

Para cobrar su crédito, José A. Fernández, en representación de sus menores hijos, inició un procedimiento ordinario contra el deudor Claudio Nin en la Corte de Distrito de Mayagüez. Obtuvo sentencia a su favor y para ejecutarla, se intentó vender las fincas embargadas que eran las mismas previamente hipotecadas para garantir el pago de la deuda. La venta no pudo verificarse porque fué obstaculizada por Agustín Hernández Mena, que alegó que era dueño de la mitad de la de 28 cuerdas, y porque la otra mitad de esta finca y la totalidad de las otras habían sido vendidas para el cobro de las contribuciones.

J. A. Fernández, inició entonces el procedimiento especial que autoriza la ley sobre la materia para el cobro de la

hipoteca y lo dirigió contra la mitad de la finca de 28 cuerdas adquirida por Agustín Hernández Mena, en la forma que se ha expresado, y éste entabló el presente pleito haciendo en el mismo las peticiones que hemos especificado anteriormente.

Expuestos los hechos, se concluye sin esfuerzo alguno que carecen de fundamento las pretensiones del demandante y apelante en cuanto a la cancelación de la hipoteca de que se trata y de su consiguiente inscripción en el registro de la propiedad.

La hipoteca sujeta directa e inmediatamente los bienes sobre que.se impone, cualquiera que sea su poseedor, al cumplimiento de la obligación para cuya seguridad fué constituída. (Art. 105 de la Ley Hipotecaria.)

La finca adquirida por Agustín Hernández Mena a consecuencia del ejercicio de una acción personal que tenía contra su dueño, había sido previamente hipotecada por este a favor de Fernández y tal hipoteca continuó en todo su vigor sin que fuera afectada en modo alguno por la transferencia del dominio de Nin a Hernández.

El hecho de haberse iniciado un procedimiento ordinario por el acreedor y obtenido en él sentencia mandando pagar la misma deuda garantizada con la hipoteca, no es obstáculo para cobrarla por el procedimiento hipotecario sumarísimo, cuando se demuestra, como se ha demostrado aquí, que la sentencia obtenida en el primer pleito no pudo cumplirse.

No se trata cobrar dos veces la misma deuda, sino una sola vez, y si bien todo el curso seguido por el demandante para su cobro no es recomendable, su error no es de tal naturaleza que destruya su derecho.

En cuanto a la petición de nulidad del procedimiento hipotecario, existe alguna confusión con respecto a cual fué el pronunciamiento de la corte, porque si bien aparece que la demanda en el caso No. 2372 fué totalmente declarada sin lugar, la nulidad se decreta al resolver el caso No. 2387 visto conjuntamente con el No. 2372 y resuelto por una sola sentencia.

Tal nulidad no envuelve la del título hipotecario, sino la del procedimiento, debido a haberse faltado en él a la verdad en cuanto a la narración de los hechos, pues parece que al constituirse la hipoteca sobre tres fincas, se determinó de acuerdo con la ley la parte de la deuda garantizada con cada una y al seguirse la ejecución contra una sola, se intentó cobrar, no ya la parte señalada expresamente, sino la totalidad de la deuda.

Asumiendo que el procedimiento hipotecario seguido por los demandados en este caso contra el demandante y su esposa a que se ha hecho referencia, fué declarado nulo por el motivo expresado y hécho constar en la sentencia apelada, reservando a los referidos demandados, mientras no esté satisfecho su crédito y de acuerdo con la ley, el derecho de iniciar un procedimiento hipotecario en cobro de la suma garantida con la hipoteca, dirigido contra las fincas hipotecadas en la proporción en que deben responder según la escritura de constitución y el registro, y también que se resolvió no haber lugar a decretar la cancelación de la repetida hipoteca y la de su inscripción en el registro, debemos confirmar la sentencia apelada que dictó la Corte de Distrito de Mayagüez, el 23 de marzo de 1910.

*Confirmada.*

Jueces concurrentes: Sres. Asociados, MacLeary y Wolf.

El Juez Presidente, Sr. Hernández, y Asociado Sr. Aldrey, no intervinieron en la resolución de este caso.