THE NATIONAL CITY BANK OF NEW YORK, demandante y apelado *v.* FRANCISCO DE LA TORRE y MERCEDES DE LA TORRE y su esposo ARTURO O'NEILL, demandados y apelante el primero.

No. 6418.—*Sometido:* Diciembre 20, 1934. *Resuelto:* Febrero 20, 1935.

*L. Muñoz Morales* y *J. Ramírez Santibáñez,* abogados del apelante; *E. T. Fiddler* y *J. L. Córdova,* abogados del apelado.

El Juez Presidente Señor Del Toro, emitió la opinión del Tribunal.

La demanda, en lo pertinente, dice:

"I. Que la demandante es una corporación bancaria, organizada de acuerdo con las leyes de los Estados Unidos de América, debidamente autorizada para hacer negocios en Puerto Rico; y los demandados son mayores de 21 años de edad, siendo la demandada Mercedes de la Torre casada con Arturo O'Neill.

"II. Que en mayo 20, 1929, los demandados Francisco de la Torre y Mercedes de la Torre, mancomunada y solidariamente, suscribieron y entregaron al American Colonial Bank of Porto Rico, por valor recibido, un pagaré por la suma de $10,398.38, pagadero en junio 12, 1929, con intereses al 9% anual desde la fecha de su vencimiento, reconocido por escritura No. 32, otorgada ante el notario Don Juan de Guzmán Benítez el día 20 de mayo de 1929. Se acompaña y se hace formar parte de esta demanda una copia fiel y exacta de dicho pagaré.

"III. Que posteriormente dicho American Colonial Bank of Porto Rico endosó a la demandante, The National City Bank of New York, el referido pagaré, del cual es actualmente tenedora y dueña la demandante.

"IV. Que dicho pagaré está vencido desde 12 de junio, 1929, y ninguno de los demandados ha pagado ni en todo ni en parte dicha cantidad principal de $10,398.38, así como tampoco los intereses sobre esta suma al 9% anual desde octubre 12, 1929."

Y el pagaré es como sigue:

"$10,398.38.—American Colonial Bank of Porto Rico.—San Juan. P. R., May 20, 1929.

"On June 12, 1929, after date, for value received, we jointly

and severally promise to pay to the order of 'AMERICAN COLONIAL BANK OF PORTO RICO.'

"At the American Colonial Bank of Porto Rico in San Juan, TEN THOUSAND THREE HUNDRED NINETY EIGHT 38/100 . . . DOLLARS, with interest at the rate of 9% per annum after maturity, presentation and protest being expressly waived. All arrearages of interest to bear interest at the rate of nine per cent per annum until paid.

"And we, and each of us, hereby authorize any attorney of any Court in the Island of Porto Rico, to appear for us, either, or any of us, in any such Court, at the suit of the then holder of this obligation upon the same, at any time after the maturity thereof, and waive the issuing and serving of process, and confess judgment against us, either, or any of us, and in favor of such holder, for the amount then appearing due thereon with interest upon the principal sum due and upon all arrearages of interest, and for costs of suit and attorney's fees, and release all errors, and we do hereby waive all stay of execution from and after the maturity of the above note. We and each of us, hereby agree that the holder of this note may, for any valuable consideration, extend the time of payment thereof, without notifying us, and that we will remain liable thereon thereafter as if we had expressly consented to such extension.—(Signed) Mercedes de la Torre, Address: Box 17, Hato Rey. (Signed) F. de la Torre, Address: Box 427, San Juan, P. R.

"It is expressly understood and agreed that the said bank may, at its option, at any time, appropriate and apply to the payment and extinguishment of any of the above mentioned notes, obligations or claims, whether now existing or hereafter contracted, any and all moneys now or hereafter on deposit or otherwise with said bank to the credit or belonging to——————whether said notes, obligations or claims are then due or not due.

(Al dorso, dice):

"I, (we) hereby agree and consent to any extension of time or renewal of the within note and guarantee the payment of the same when due, or at any time thereafter, waiving demand, notice and protest.—F. de la Torre.

"Pay to the order of THE NATIONAL CITY BANK OF NEW YORK, without recourse. AMERICAN COLONIAL BANK OF PORTO RICO.— (Signed) R. Torres Ramis, Asst. Cashier."

El 11 de junio de 1932 se dictó sentencia por confesión contra la demandada Mercedes de la Torre, que le fué notificada el 15 y es firme.

El otro demandado Francisco de la Torre excepcionó la demanda por falta de hechos. La excepción fué declarada sin lugar. Finalmente contestó alegando tres defensas.

Por la primera aceptó los hechos 1 y 3 de la demanda, en cuanto al 2 negó que suscribiera el pagaré solidariamente y en cuanto al 4 negó que dicho pagaré quedara vencido en junio 12, 1929, y aceptó no haber pagado el capital, ni parte de él, ni los intereses.

Por la segunda expuso que el American Colonial Bank prestó a la demandada Mercedes de la Torre $10,398.38 conviniendo el demandado en ser su simple fiador, estipulándose que el prestamista podría prorrogar a la prestataria el pago de su obligación sin el consentimiento del fiador, pero mediante alguna consideración de valor; que la demandada Mercedes de la Torre aseguró el préstamo además con hipoteca consignándose en el documento—que lo es la escritura No. 32 otorgada ante notario en mayo 20, 1929, que se acompaña a la contestación—la indicada condición de prórroga mediante consideración de valor; que después de firmado el pagaré y antes de otorgarse la escritura convino con el prestamista en que fuera solidaria su fianza pero a condición de que no se concedieran prórrogas sin su consentimiento a menos que lo fueran mediante el pago de intereses y además por consideración de valor; que eso no obstante así el American Colonial Bank como su sucesor o cesionario el demandante prorrogaron la obligación sin conocimiento ni consentimiento del demandado, sin exigir a la deudora el pago de los intereses ni mediar consideración alguna de valor, prórroga que se extendió primero hasta mayo 20, 1930 y luego hasta mayo de 1931.

Por la tercera defensa alegó el demandado que al aceptar su condición de fiador lo hizo en consideración a haberse obligado la deudora a garantizar como garantizó su deuda con una hipoteca sobre una finca suya situada en Hato Rey; que el demandante ejercitando esta acción personal, prescindiendo de la hipoteca, obtuvo para asegurar la efectividad

de la sentencia el embargo de tres inmuebles del demandado, y no obstante haber obtenido ya sentencia en este pleito contra la deudora no se ha dirigido para su cobro contra la finca hipotecada, renunciando tácitamente al gravamen, quedando así la finca hipotecada libre de toda responsabilidad; que libre de tal modo la finca hipotecada, fué en parte dada en pago por la deudora a Eduardo Fosas quien ha radicado demanda contra el banco demandante para que cancele la hipoteca en el registro en cuanto a la porción adquirida, y que por razón de los hechos expuestos el demandado se halla ahora impedido de subrogarse en la mencionada hipoteca, careciendo su codemandada la deudora de bienes suficientes para satisfacer su obligación.

La escritura de hipoteca acompañada a la contestación se otorgó por los demandados y el American Colonial Bank y en ella se expuso:

1, que doña Mercedes de la Torre es dueña de una finca que se describe;

2, que dicha finca le pertenece por segregación de otra que también se describe;

3, que la finca segregada está libre de gravámenes;

4, "que Doña Mercedes de la Torre y Don Francisco de la Torre y Garrido adeudan solidariamente al American Colonial Bank of Porto Rico la cantidad de diez mil trescientos noventa y ocho dólares con treinta y ocho centavos, según consta de un pagaré a la orden del banco, firmado por ambos deudores con fecha de hoy, a vencer el día doce de junio de mil novecientos veintinueve, con intereses al nueve por por ciento anual;"

5, que "las partes han convenido en que Doña Mercedes de la Torre reforzará dicha obligación con garantía de primera hipoteca de la parcela segregada y descrita en esta escritura y que mediante el cumplimiento en el pago puntual de los intereses y conservando la responsabilidad solidaria de ambos deudores, el American Colonial Bank prorrogará dicha obligación en la forma que después se dirá y para ha-

cerlo constar otorgan esta escritura con las siguientes cláusulas:

"Primera. Doña Mercedes de la Torre de O'Neill y Don Francisco de la Torre y Garrido reconocen deber mancomunada y solidariamente al American Colonial Bank of Porto Rico la cantidad de diez mil trescientos noventa y ocho dólares con treinta y ocho centavos, recibida a calidad de préstamo por Doña Mercedes de la Torre con la garantía solidaria de ambos deudores, a vencer el doce de junio de mil novecientos veintinueve, según consta del pagaré antes reseñado.

"Segunda. Como una garantía colateral de dicha deuda, Doña Mercedes de la Torre de O'Neill constituye hipoteca a favor del American Colonial Bank of Porto Rico sobre la parcela de nueve mil quinientos setenta y un metros cuadrados, segregada por esta escritura de la urbanización de Ciudad Nueva por el término de un año a partir de hoy o por el de cualquier prórroga o renovación que concediere el banco aunque excediere de dicho año, por los diez mil trescientos noventa y ocho dólares con treinta y ocho centavos del principal adeudado y por sus intereses al nueve por ciento anual hasta el día del pago, más por mil dólares para costas y honorarios de abogado en caso de reclamación judicial queriendo y consintiendo que esta hipoteca sea inscrita en el registro de la propiedad y allí subsista hasta que la obligación que garantiza sea totalmente satisfecha.

"Tercera. Con arreglo a los términos del pagaré aquí reseñado el Banco podrá, a petición de cualquiera de los deudores, prorrogar dicha obligación por plazos mensuales mediante el pago de los intereses por cada mes vencido al tipo convenido, o bien renovarla por otra nueva, bastando que en ella conste que está también garantizada con esta hipoteca en las mismas condiciones, subsistiendo siempre la hipoteca como garantía colateral hasta el día del pago aun cuando las renovaciones o nuevos pagarés excedieren del año que aquí se fija para el plazo de la hipoteca, pues ésta subsistirá en

todo su valor garantizando dicha deuda hasta que el Banco sea pagado totalmente.

"Cuarta. El Banco acreedor se reserva el derecho, en caso de incumplimiento de esta obligación, de exigir su pago total de cualquiera de los deudores o de ambos a la vez y de reclamar judicialmente el pago de la hipoteca, todo ello a opción exclusiva del Banco, por el orden que convenga al acreedor o persiguiendo dichas garantías todas a un tiempo."

Excepcionó el demandante la contestación por falta de hechos constitutivos de defensa y la corte declaró la excepción con lugar el 30 de enero de 1933 por medio de una resolución fundada que nos parece conveniente transcribir:

"En este caso la corporación demandada ha radicado una demanda en cobro de un pagaré suscrito por Francisco y Mercedes de la Torre, a la orden de American Colonial Bank of Porto Rico, el 20 de mayo de 1929, por la cantidad de $10,398.38 con interés al 9% anual y a vencer el 12 de junio de 1929. El referido pagaré enpieza en la siguiente forma:

" 'On June 12, 1929 (after date) for value received, we jointly and severally promise to pay to the order of the American Colonial Bank of Porto Rico . . .'

"Dicho pagaré fué garantizado con hipoteca sobre una finca de Doña Mercedes de la Torre, por escritura Núm. 32 de 20 de mayo de 1929, ante el Notario Don Juan de Guzmán Benítez, concurriendo en dicha escritura Don Francisco y Doña Mercedes de la Torre y el American Colonial Bank of Porto Rico. Copias del pagaré y de la escritura se acompañan a la demanda y se hacen formar parte de la misma. La demanda se presentó por The National City Bank of New York, como cesionario del American Colonial Bank of Porto Rico.

"La contestación del demandado, Francisco de la Torre, acepta el otorgamiento del pagaré y la cesión hecha al demandante, así como la falta de pago, pero niega que el pagaré haya sido suscrito por él solidariamente con la otra demandada, Doña Mercedes de la Torre; y se alega además en la referida contestación una titulada 'segunda defensa' y otra 'tercera defensa' en las cuales el demandado parte de la base de que la relación jurídica entre él y el demandante, es la de fiador y acreedor.

"El Banco demandante ha radicado una excepción previa a la

contestación en la que se alega que la contestación no aduce hechos suficientes para constituir una defensa. Dicha excepción previa ha sido sometida por alegato.

"A nuestro juicio el problema planteado por las partes puede reducirse a dos cuestiones:

"*Primera:* Determinar si la obligación de Franciso de la Torre, tal y como aparece del pagaré objeto de la demanda y de la escritura número treinta y dos que antes se ha mencionado, es una obligación solidaria.

"*Segunda:* Determinar si la relación entre Francisco de la Torre y el acreedor demandante es la de deudor y acreedor o la de fiador y acreedor. Si se llega a la conclusión de que la obligación de Francisco de la Torre es solidaria y que su relación con el banco demandante es la de deudor y acreedor, tendremos que resolver que la excepción previa está bien fundada y debe prosperar.

"PRIMERA CUESTIÓN.—La pauta para determinar si una obligación es mancomunada o solidaria, nos la da el Código Civil en su artículo 1090 (Ed. de 1930) que dice así:

" 'Art. 1090.—La concurrencia de dos o más acreedores o de dos o más deudores en una sola obligación no implica que cada uno de aquéllos tenga derecho a pedir ni cada uno de éstos deba prestar íntegramente las cosas objeto de la misma. Sólo habrá lugar a esto cuando la obligación expresamente lo determine, constituyéndose con el carácter de solidaria.'

"Con este precepto por guía, veamos si la obligación expresamente determina la solidaridad.

"Se hace un gran esfuerzo por el demandado para probar que las palabras 'jointly and severally' usadas en el pagaré no son equivalentes a las de 'mancomunada y solidariamente' en nuestro idioma. Se sostiene que la traducción inglesa de la palabra 'solidaridad' es 'solidarity' y esto lo lleva a la conclusión de que las palabras 'jointly and severally,' usadas en el pagaré no significan que la obligación sea solidaria.

"Hemos buscado en el diccionario legal de Bouvier la palabra 'solidarity' y no aparece en dicho léxico, no obstante constar de tres grandes volúmenes y ser uno de los mejores, si no el mejor que existe en los Estados Unidos. Hemos buscado la misma palabra en 'Practical Standard Dictionary' de Funk & Wagnalls y la define así: 'Coherence and oneness in nature, relations or interest, as of race, class, etc.' A continuación se encuentra la palabra 'solidary' cuya acepción es la siguiente:

" 'Rom. and Civ. Law. Designating a joint obligation on the part of several debtors any one of whom is liable for the whole.'

"En cambio, en el mismo diccionario de Bouvier, aparece la frase 'in solidum, in solido' y la define así:

" 'In Civil Law. For the whole; as a whole. An obligation or contract is said to be in solido or in solidum when each is liable for the whole, but so that a payment by one is payment for all; i. e. it is a joint and several contract: 1 W Bla. 388. . . . The phrase is commonly used in Louisiana.'

"No tenemos duda alguna y siempre lo habíamos creído así, que las palabras 'jointly and severally' son equivalentes a 'mancomunada y solidariamente,' usadas en derecho civil. Además, al traducirse nuestro Código al idioma inglés, la frase 'De las obligaciones mancomunadas y de las solidarias' que aparecen como título de la sección cuarta, Capítulo Tercero, Título Primero, del Libro Cuarto, del Código Civil, se tradujo por 'several and joint obligations.' Cód. Civil, Ed. 1930, pág. 235, compilación de 1911, Ed. Inglesa, pág. 724.

"De modo que al usarse las palabras 'jointly and severally' en el pagaré suscrito por el demandado, no hay duda alguna que la intención fué referirse a las obligaciones de que trata el Código Civil en la Sección Cuarta, Capítulo Tercero, Título Primero del Libro Cuarto del Cód. Civil.

"Si se examina la escritura que se hizo parte de la demanda y a la cual se refiere el demandado en su alegato, se verá que la intención de los demandados fué constituir una obligación solidaria. Dice la sección cuarta de la escritura:

" 'Cuarta: Hacen constar las partes que Doña Mercedes de la Torre y Don Francisco de la Torre y Garrido adeudan solidariamente al American Colonial Bank, etc. . . .'

"Por lo expuesto llegamos a la conclusión de que la obligación expresada en el pagaré es una obligación solidaria.

"SEGUNDA CUESTIÓN.—La solución de la segunda cuestión planteada por el demandado la encontramos en el caso de National City Bank vs. Martínez Llonín, 41 D.P.R. 163, de cuyo 'syllabus' tomamos lo siguiente:

" 'Uno que, para servir o beneficiar a otros y sin tener el carácter de deudor directo, firme como deudor solidario un documento en que se contiene una obligación de pagar, establece en dicho documento la ley del contrato en cuanto a ser tal deudor solidario y no un fiador como última expresión de la voluntad de las partes y a ella, por tanto, queda sometido como tal deudor solidario.'

"En el presente caso Don Francisco y Doña Mercedes de la Torre suscribieron el pagaré en el cual se obligaron 'jointly and severally' a pagar su importe al acreedor, sin que de la faz de dicha obligación aparezca en manera alguna que el uno lo firmaba como fiador y el otro como deudor principal. Si existía algún convenio entre los suscribientes del pagaré, tal convenio no podía afectar los derechos del acreedor, ni tampoco podía afectar tales derechos ni variar la relación jurídica entre el banco y dichos suscribientes, el hecho de que uno de ellos fuera la única persona beneficiada por el préstamo. National City Bank vs. Llonín, supra; Crédito y Ahorro Ponceño v. Bairó, 32 D.P.R. 817; Bennett vs. Boschetti, 31 D.P.R. 855; Carminely v. Truyol, 42 D.P.R. 959.

"Si se examina la escritura en que también descansa el demandado en su alegato fácilmente se llega a la conclusión de que el Sr. F. de la Torre se constituyó en deudor solidario y no en fiador. En la segunda hoja de la escritura, al dorso, se encuentra un párrafo marcado cuarto, que empieza así:

" 'Cuarto: Hacen constar las partes que Doña Mercedes de la Torre y Don Francisco de la Torre y Garrido adeudan solidariamente al American Colonial Bank of Porto Rico, la cantidad de $10,398.38. . . .'

"En la misma página aparece la cláusula primera que dice así:

" 'Primera: Doña Mercedes de la Torre de O'Neill y Don Francisco de la Torre y Garrido reconocen deber mancomunada y solidariamente, al American Colonial Bank of Porto Rico, la cantidad de $10,398.38.'

"Por lo expuesto forzoso es concluir que Don Francisco de la Torre es deudor solidariamente con doña Mercedes de la Torre por la cantidad de $10,398.38 del National City Bank of N. Y. y por consiguiente, como anunciamos al principio de esta resolución, debemos declarar y por la presente declaramos con lugar la excepción previa interpuesta a la contestación.

"Aunque dudamos mucho que el demandado pueda enmendar su contestación de modo que aduzca hechos constitutivos de oposición a la demanda, sin embargo, debemos dar una nueva oportunidad al demandado para que enmiende su contestación si le fuere posible, y para no retardar de este modo el procedimiento en perjuicio del demandante, se concede al demandado un plazo improrrogable de diez días para enmendar la contestación.''

Nada hizo el demandado y el demandante pidió y obtuvo que se anotara su rebeldía y se registrara sentencia por el

secretario. La rebeldía se anotó en abril 18, 1933 y la sentencia condenando al demandado al pago de la suma reclamada en la demanda se registró el 25 de abril de 1933.

No conforme el demandado, apeló para ante este tribunal presentando un voluminoso alegato en el que señala y discute los tres errores que siguen:

*"Primer Error:* La apelada Corte de Distrito de San Juan en su resolución de 10 de mayo de 1932, página 14 de la Transcripción de Autos, erró al desestimar la Excepción Previa contra la demanda formulada por el demandado Francisco de la Torre, ahora apelante.

*"Segundo Error:* La apelada Corte de Distrito de San Juan en su Resolución de 30 de enero de 1933, que figura desde la página 41 hasta la página 46 de la Transcripción de Autos, erró al sostener y declarar con lugar la Excepción Previa, formulada por el demandante contra la contestación del demandado Francisco de la Torre.

*"Tercer Error:* La apelada Corte de Distrito de San Juan, además, erró al dictar sentencia en rebeldía fechada en 25 de abril de 1933, página 52 de la transcripción de autos, porque dicha sentencia aparece dictada y registrada por el Secretario, sin haberse practicado ninguna prueba y sin ninguna intervención por parte del Honorable Juez de la Corte."

Comenzaremos nuestro estudio por el tercero de los errores señalados.

La cuestión que se suscita quedó resuelta en contra del apelante en *Cochran, Síndico, v. Fernández,* 47 D.P.R. 704. Véanse también las siguientes decisiones de la Corte Suprema de California, *Union Oil Co.* v. *Conejo Oil Co.,* 267 P. 320, *Wall* v. *Heald,* 95 Cal. 364 y *Bailey* v. *Sloan,* 65 Cal. 387.

Es cierto que el demandado excepcionó y contestó, pero su excepción fué declarada sin lugar y su contestación insuficiente, y habiéndosele concedido un nuevo término para contestar, nada hizo. Su rebeldía es manifiesta.

Si algo pudiera decirse de situación semejante es que el Secretario se encuentra en más seguras condiciones que en el caso corriente en que no comparece el demandado, porque es llamado a actuar después que la corte ha resuelto que la

demanda es suficiente y que el demandado no alega defensa válida alguna.

Con respecto a que se trata de un pleito que emana de un contrato sobre pago de dinero, la cuestión es evidente.

 Examinemos el primer error. Surge tan clara a nuestro juicio la causa de acción de los hechos alegados en la demanda y del propio pagaré, copia del cual se acompañó a la misma, que no seguiremos a los abogados del apelante en toda su argumentación tendente a demostrar lo contrario. . Se trata de deudores solidarios y aunque lo consignado al dorso del documento y firmado únicamente por el demandado Francisco de la Torre pudiera interpretarse en el sentido de convertir al dicho demandado en fiador, siempre lo sería solidariamente y en tal caso su posición en relación con el acreedor, sería la misma. Recientemente en el caso de *Drug Company of Porto Rico, Inc.* v. *Susoni,* 43 D.P.R. 772, 780, esta corte, por medio de su Juez Asociado Sr. Córdova Dávila, se expresó así:

"Ahora bien, de acuerdo con los términos del contrato y el carácter solidario de la fianza, ¿cuál es la posición que ocupa el fiador demandado con respecto a su acreedora la demandante? Comentando el artículo 1831 del Código Civil Español, equivalente al 1730 de nuestro Código Civil, edición de 1930, que trata de los casos en que no tendrá lugar la excusión de bienes, dice Manresa:

" 'El segundo de los casos consignados en el artículo, es el de haberse obligado solidariamente el fiador con el deudor, y tampoco puede ofrecer duda ninguna su procedencia y justificación, porque entonces, por virtud de los mismos términos en que se contrae la obligación de fianza, cambia el carácter de la misma, toda vez que de subsidiaria pasa a ser solidaria, convirtiéndose con ello el fiador en un verdadero codeudor principal, lo mismo que el fiado. Dicha excepción se halla reconocida también en el párrafo 2º. del art. 1822, en el que se establece, como se recordará, que en dicho caso, en vez de seguirse las reglas y prescripciones propias del contrato de fianza, se observará lo dispuesto en la sección 4ª, capítulo 3º, tít. 1º de este libro, respecto de las obligaciones solidarias. Por lo tanto, dejando de ser fiador por convertirse en deudor principal, no puede invocar el beneficio de orden que ha renunciado al obligarse *in solidum* con el fiado.' Comentarios al Código Civil, tomo 12, pág. 258.

"En el caso de Gamarra v. Navarro, supra, se cita, explicando su alcance, la sentencia dictada por el Tribunal Supremo de España en 29 de diciembre de 1898, en la cual se dice que 'por consistir la fianza en la obligación de cumplir los compromisos contraídos por un tercero para el caso de no hacerlo éste, cabe que el fiador se obligue solidariamente con el dudor principal *sin perder por ello el contrato su naturaleza propia.*'

"Manresa parece explicar el sentido de esta sentencia cuando dice, comentándola, que si de los términos del contrato o de la expresión de la voluntad del tercero resulta que la intención no fué convertirse en un mero deudor principal, sino constituirse tan sólo en fiador, aunque obligándose solidariamente, podrá intentarse contra él la reclamación por efecto de dicha solidaridad sin hacer antes excusión de bienes del fiado; pero hecho el pago, tendrá todos los derechos inherentes al fiador, y no estará sujeto a las limitaciones propias del codeudor solidario.

"*La responsabilidad del fiador solidario para con el acreedor es igual a la del deudor; pero el contrato de fianza conserva su naturaleza propia en lo que respecta a las relaciones entre fiador y deudor. El fiador conserva sus derechos por razón de la fianza, mientras que el codeudor no tiene otros derechos que aquellos que se le reconocen en la sección 4ª del capítulo 3º, tít. 1º del libro 4º. del Código Civil. En sus relaciones con el acreedor el fiador solidario es un principal pagador que no puede alegar el beneficio de división y excusión y que tiene la obligación de cumplir el contrato íntegra y totalmente, desde el momento en que el fiado deja de cumplir lo convenido.*"

▆ No existe el primer error, y en cuanto al segundo, dada la posición asumida por el demandado en el pleito, bastaría decir que no cabe ni siquiera discutirlo. Se concedió al demandado permiso para enmendar su contestación. No hizo uso de él. Si tenía fe en que su contestación era buena y errónea la resolución de la corte que decidió lo contrario, debió haber pedido que se dictara sentencia sobre las alegaciones y apelar de ella para ante este tribunal. No lo hizo. Abandonó su caso y fué anotada su rebeldía dictándose la sentencia consiguiente.

Diremos, sin embargo, que estudiadas las cuestiones suscitadas creemos que fueron resueltas correctamente por la corte de distrito. De ahí que transcribiéramos su opinión.

Es más, consideramos que la contestación y la escritura de hipoteca lo que hacen es robustecer la causa de acción ejercitada. De lo que consta en el récord no aparece comprobada la concesión de prórroga alguna por parte del Banco Colonial o de su sucesor el demandante. Las manifestaciones del demandado que a ese respecto contiene la contestación, quedaron huérfanas de prueba.

Quizá la realidad última sea que el demandado Francisco de la Torre se vea obligado a pagar un dinero que no tomó para sí. Pero no hay duda de que el dinero lo recibió su codemandada Mercedes de la Torre y de que él asumió la obligación de pagarlo solidariamente. La hipoteca se constituyó como una garantía colateral. Para con el banco demandante era el demandado Francisco de la Torre—deudor o fiador solidario—una de las dos personas a quienes podía exigir indistintamente el cumplimiento de la obligación mientras ésta subsistiera. Y sobre su subsistencia no hay cuestión. A nadie más que a sí mismo puede culpar el demandado de la situación en que se encuentra, especialmente después de las repetidas decisiones de este tribunal en casos al suyo similares.

*Debe declararse el recurso sin lugar y confirmarse la sentencia recurrida.*

El Juez Asociado Señor Córdova Dávila no intervino.