EDUARDO FOSSAS LÓPEZ CEPERO, demandante y apelante, *v.* THE NATIONAL CITY BANK OF NEW YORK, demandado y apelado.

Núm. 7041.—*Sometido:* Junio 9, 1936. *Resuelto:* Julio 8, 1936.

*G. de la Haba* y *Rafael Baragaño, Jr.,* abogados del apelante; *Fiddler, Córdova & McConnell,* abogados del apelado.

El Juez Asociado Señor Travieso, emitió la opinión del tribunal.

El demandante y apelante es dueño de una parcela de terreno que adquirió por dación en pago de una sentencia dictada a su favor y en contra de doña Mercedes de la Torre. La referida parcela, que tiene una extensión superficial de 1,575 metros cuadrados, fué segregada de otra parcela de 9,571 metros cuadrados, sobre la cual la Sra. De la Torre, por escritura de mayo 20 de 1929, constituyó hipoteca para garantizar al American Colonial Bank of Porto Rico el pago de un pagaré suscrito por ella y por don Francisco de la Torre, por la suma de $10,398.38, con sus intereses al 9 por ciento *per annum,* habiendo sido dicha hipoteca inscrita en el Registro de la Propiedad de San Juan. El citado pagaré fué cedido a favor de The National City Bank of New York, aquí apelado, y dicha institución bancaria inició ante la Corte de Distrito de San Juan una acción personal ordinaria en cobro del capital e intereses adeudádosle por don Francisco de la Torre, doña Mercedes de la Torre y su esposo don Arturo O'Neill; y para asegurar la efectividad de la sentencia que pudiera obtener en dicho pleito, el banco demandante solicitó embargo de los bienes de los demandados, para garantizar un total de $13,398.38, pero dicho embargo se trabó solamente sobre bienes del allí demandado don Francisco de la Torre. No se practicó embargo alguno sobre la parcela de 9,571 m. c. hipotecada en garantía del pagaré. Se alega que el valor de los bienes embargados al Sr. De la Torre cubre el total de capital e intereses reclamados por el Banco embargante.

Alegó además el demandante, que en 11 de junio de 1932 se dictó sentencia en el pleito a que se ha hecho referencia, a favor de The National City Bank of New York y en contra de doña Mercedes de la Torre, quedando firme dicha sentencia; que la sentencia no ha sido ejecutada sobre la parcela hipotecada, ni ha sido ésta embargada en ejecución de sentencia, continuando el banco su acción exclusivamente contra el demandado don Francisco de la Torre; que habiendo el

acreedor hipotecario, The National City Bank, elegido el remedio de acción personal contra sus deudores, la finca del demandante ha quedado libre de la responsabilidad que sobre ella pesaba a favor de dicho banco; que el demandante apelante requirió al banco apelado para que otorgara su consentimiento para la cancelación de la incripción en el registro, en cuanto a su parcela de 1,575 m. c., negándose dicho Banco a consentir tal cancelación. Y terminó el demandante pidiendo sentencia por la que se declare renunciado y extinguido de hecho y de derecho y se ordene la cancelación en el registro del citado gravamen hipotecario, en lo que respecta a la parcela del demandante apelante.

Contra la sentencia que desestimó la demanda por no alegar hechos suficientes para determinar una causa de acción, el demandante ha interpuesto el presente recurso.

██ La cuestión legal que tenemos que resolver se plantea así: ¿Debe considerarse renunciada y extinguida la garantía hipotecaria constituída por uno de los deudores, de una obligación mancomunada y solidaria, por el solo hecho de haber procedido el acreedor a hacer efectiva la obligación mediante una acción ordinaria en cobro de dinero y el embargo de bienes del otro deudor, en vez de utilizar el procedimiento sumario de la Ley Hipotecaria o la acción mixta, real y personal, que regula nuestro Código de Enjuiciamiento Civil?

Para sostener la afirmativa, cita la representación del apelante el caso de *Dix* v. *Smith*, 50 L.R.A. 714 (antigua serie) y numerosas decisiones de diversos estados, las que aparecen en la nota al pie de dicho caso. Hemos hecho un cuidadoso estudio de toda esa jurisprudencia y la consideramos inaplicable a la solución del problema jurídico que nos plantea el apelante. Se trata en todos los casos citados de un acreedor, que teniendo su crédito garantizado por hipoteca sobre bienes muebles (*chattel mortgage*), procede a hacer efectivo su crédito mediante embargo de los mismos bienes muebles afectados por la hipoteca. Las cortes han sostenido que los dos gravámenes, el de la hipoteca sobre muebles y el del embargo,

son esencialmente distintos e incompatibles y que no pueden coexistir sobre la misma propiedad y a favor de un mismo acreedor; y basan sus decisiones en dos doctrinas del derecho común que sostienen, la primera, que el otorgamiento de una hipoteca sobre bienes muebles transfiere a favor del acreedor el título legal sobre los bienes hipotecados, y la segunda, que el derecho de redención (*equity of redemption*) que la ley concede al deudor hipotecario, no es embargable. Parece lógico que si el acreedor queda investido con el título sobre los bienes muebles al otorgarse la hipoteca a su favor, no le sea permitido embargar esos mismos bienes, pues nadie puede embargar aquello que ya le pertenece; y que si a pesar de esa regla, el acreedor practica un embargo de los bienes hipotecados, se interprete su acción como un reconocimiento del título de su deudor y como una renuncia de sus derechos como acreedor hipotecario.

La doctrina sostenida por la jurisprudencia citada por el apelante no es ni puede ser aplicable al caso de autos, pues no se trata aquí de un embargo de la misma parcela de terreno hipotecada por doña Mercedes de la Torre al banco demandado, sino de un embargo de otras propiedades inmuebles pertenecientes, no a la misma deudora hipotecaria, sino a un codeudor solidario de la misma obligación garantizada por la hipoteca. Véase a este respecto el caso de *National City Bank* v. *De la Torre,* 48 D.P.R. 134, citado por el propio apelante, y aún cuando se tratara de un embargo de la misma propiedad afecta a la hipoteca, dicha doctrina no sería aplicable a un caso como el de autos, ni en las jurisdicciones estaduales del Continente, ni en Puerto Rico, por la razón de que la hipoteca de bienes raíces no produce ni aquí ni allá alteración alguna en el título legal sobre la propiedad, el que queda siempre a nombre del deudor hasta que se lleve a efecto la venta o adjudicación del inmueble para satisfacer la obligación. Más aún, creemos que la doctrina de los casos de "Chattel Mortgages" no tendría aplicación aun cuando se hubiese embargado la misma finca hipotecada, pues nuestras

leyes no requieren que se practique tal embargo y el hacerlo es un trámite inútil y superabundante, según sostiene Galindo y Escosura, Tomo 4, pág. 204, ed. 1884.

Buscando apoyo para su tesis de que el embargo de otros bienes distintos a los hipotecados, prescindiendo de la propiedad hipotecada, trae como consecuencia la renuncia de la hipoteca, entra la representación del apelante en el campo de nuestra jurisprudencia insular y nos cita los casos de *Hernández* v. *Fernández et al.,* 17 D.P.R. 120; *Santini Fertilizer Co.* v. *Lee & Son,* 44 D.P.R. 227; *Fernández* v. *Luyando,* 46 D.P.R. 687, y *Torres* v. *Fernández,* 47 D.P.R. 845, como autoridades generadoras de esta nueva doctrina.

Veamos si es cierto que los casos citados sostienen la contención del apelante:

En *Hernández* v. *Fernández et al.,* supra, el demandante adquirió por adjudicación en pago de una sentencia a su favor, la mitad de una finca sobre la que pesaba una hipoteca a favor de los demandados. Éstos instituyeron acción ordinaria contra el deudor principal, obtuvieron sentencia a su favor y para ejecutarla intentaron vender las fincas embargadas, que eran las mismas hipotecadas. Se opuso a la venta el demandante, quien alegó ser dueño de una mitad de una de dichas fincas, motivo por el cual no pudo verificarse la venta. Los demandados iniciaron entonces el procedimiento especial para el cobro de la hipoteca y lo dirigieron contra la mitad de la finca del demandante. Éste entabló demanda de nulidad. Y esta corte dijo:

"Expuestos los hechos, se concluye sin esfuerzo alguno que carecen de fundamento las pretensiones del demandante y apelante en cuanto a la cancelación de la hipoteca de que se trata y de su consiguiente inscripción en el registro de la propiedad.

"La hipoteca sujeta directa e inmediatamente los bienes sobre que se impone, cualquiera que sea su poseedor, al cumplimiento de la obligación para cuya seguridad fué constituída. (Art. 105 de la Ley Hipotecaria.)

"La finca adquirida por Agustín Hernández Mena a consecuencia del ejercicio de una acción personal que tenía contra su dueño,

había sido previamente hipotecada por éste a favor de Fernández y tal hipoteca continuó en todo su vigor sin que fuera afectada en modo alguno por la transferencia del dominio de Nin a Hernández.

"El hecho de haberse iniciado un procedimiento ordinario por el acreedor y obtenido en él sentencia mandando pagar la misma deuda garantizada con la hipoteca, no es obstáculo para cobrarla por el procedimiento hipotecario sumarísimo, cuando se demuestra, como se ha demostrado aquí, que la sentencia obtenida en el primer pleito no pudo cumplirse."

La decisión en *Santini Fertilizer Co.* v. *Albert E. Lee & Son*, supra, en nada ayuda a sostener la contención del apelante. En dicho caso, Colón otorgó hipoteca a favor de Finlay, Waymouth & Lee, para garantizar un pagaré. Santini Fertilizer Co. obtuvo sentencia contra Colón y adquirió por adjudicación en pública subasta el dominio de la finca hipotecada. Posteriormente, Lee & Son, como cesionario, ejecutó la hipoteca y adquirió por adjudicación la misma finca que ya había pasado a ser propiedad de Santini Fertilizer Co., la cual no fué notificada de los procedimientos ejecutivos. Decretóse la nulidad del procedimiento ejecutivo a petición de Santini Fertilizer Co., la que apeló de aquella parte de la sentencia que declaró sin lugar la demanda en cuanto pedía que se declarara inexistente y extinguida la hipoteca que garantizaba el pagaré expedido por Colón. Contendía el apelante, que el pagaré garantizado por la hipoteca es una obligación mercantil que se extingue por prescripción a los tres años del vencimiento, extinguiéndose al mismo tiempo la hipoteca. Esta Corte rechazó tal contención y confirmó la sentencia apelada, diciendo:

"Opinamos que cuando se lleva a cabo un préstamo asegurado por hipoteca, la acción personal se refunde en la acción real hipotecaria. En realidad los préstamos a que sirve de garantía la hipoteca son de carácter personal y si interpretáramos que al prescribir la acción personal la acción hipotecaria muere por inexistencia de la obligación principal, no podría aplicarse prácticamente la prescripción de veinte años y el legislador habría realizado, al fijarla, un acto

inútil. La jurisprudencia americana coincide con· este criterio en el extremo de que la garantía hipotecaria responde de la deuda, irrespectivamente de la acción personal. Esta jurisprudenc·a se basa principalmente en que, aunque la acción personal no pueda hacerse efectiva por la prescripción, s·n embargo la deuda no se extingue y queda sujeta a la hipoteca. Conway v. Caswell, 48 S. E. 957; Downey v. Mariority, 81 Conn. 842.''

No estamos de acuerdo con la interpretación y alcance que da el apelante a la decisión de esta corte en el caso de *Fernández* v. *Luyando,* supra, En dicho caso, Fernández, acreedor hipotecario, entabló acción ordinaria en cobro de $3,000, contra el poseedor material de la finca hipotecada y contra Luyando, deudor original, alegando en la demanda que la finca no valía más de $1,500, hecho sostenido por la evidencia. Se basó la demanda en la teoría de que la finca hipotecada debía responder de la deuda hasta donde fuere posible, y que el deudor original debía ser responsable por la diferencia. La corte inferior desestimó la demanda en cuanto al deudor original por considerar que la acción era prematura, basándose en la decisión de esta Corte Suprema en *Malgor & Co.* v. *Clivillés,* 42 D.P.R. 457. Apelada dicha sentencia, esta corte resolvió que la decisión en *Malgor & Co.* v. *Clivillés,* supra, es correcta, pues en ella se sostiene, en efecto, que para que pueda surgir una obligación personal contra otra persona debía venderse antes la finca; pero sostuvo que la opinión dictada en dicho caso no puede prevalecer cuando se inicia una acción ordinaria tanto contra la finca como contra el deudor original. El párrafo de dicha opinión, citado por el apelante en apoyo de su contención, dice así:

''Es claro, conforme indican los apelantes, que la hipoteca es accesoria a una obligación principal (artículo 1758 del Código Civil) y que la obligación de Luyando continúa insoluta y exigible hasta que sea pagada. *Por supuesto, los hermanos Fernández pudieron haber elegido renunciar a su derecho hipotecario enteramente e iniciar un procedimiento exclusivamente contra Luyando. No lo hicieron así.* Promovieron un procedimiento hipotecario corriente contra

Hernández e incluyeron a Luyando como deudor personal. Por ende, aunque creemos que el caso debe ser revocado y que el pleito no fué prematuro, sin embargo, los hermanos Fernández no tienen derecho a una sentencia absoluta contra Luyando, y no la solicitaron. Lo que deben obtener en este caso, según la forma en que han instituído su acción y de acuerdo con la súplica de la misma, es una sentencia contra la finca hipotecada y una sentencia por el saldo de la deuda (*deficiency judgment*) no cubierto por la venta. En otras palabras, *la sentencia debe ser revocada y en su lugar dictarse otra según la cual, y de acuerdo con la ley, debe venderse en pública subasta la finca hipotecada y ordenarse y decretarse que Luyando pague cualquiera deficiencia que pueda surgir con motivo de la venta de la finca.*"

Las primeras palabras que aparecen en bastardillas, que son las que se citan como base principal de la teoría del apelante, constituyen un mero *dictum*, y no pueden ser invocadas como autoridad para sostener la doctrina de que si el acreedor hipotecario inicia acción ordinaria contra un codeudor de la obligación y embarga otros bienes distintos a los hipotecados renuncia y extingue por ese solo hecho la hipoteca que garantiza la obligación.

El caso de *Torres* v. *Fernández,* supra, tampoco sostiene la teoría del apelante. Veamos primeramente los hechos: Fernández, acreedor hipotecario, inició acción personal en cobro de su crédito y practicó embargo sobre la misma finca hipotecada a su favor. En la fecha del embargo, la propiedad aparecía inscrita a nombre de los deudores, aun cuando había sido vendida varios meses antes, por escritura pública, a Torres. Después de practicado el embargo, Torres promovió demanda de tercería de dominio, solicitando la cancelación del embargo y el reconocimiento de sus derechos dominicales sobre la finca. Negó el demandado que Torres fuera dueño de la finca en la fecha en que se practicó el embargo. Se declaró sin lugar la demanda de tercería, por entender la Corte inferior que la trasmisión de la finca a Torres se presumía hecha a título gratuito por no haberse entregado precio al-

guno en presencia del notario y por considerar que la venta era falsa y simulada. Establecido recurso de apelación, esta Corte resolvió que aun cuando el acreedor tiene derecho a *prescindir* de la garantía hipotecaria y a ejercitar una acción puramente personal en cobro de pesos, no está autorizado para asegurar la efectividad de la sentencia, mediante embargo del inmueble hipotecado, cuando dicho inmueble ha pasado a manos de una tercera persona, sin haber establecido una acción real en cobro del crédito hipotecario y haber dado al nuevo dueño de la propiedad una oportunidad de defenderse como parte en la acción.

Es cierto que en el último citado caso esta Corte dijo:

"El acreedor hipotecario, al tener conocimiento por medio del registro de que la finca había sido vendida a una tercera persona, pudo haber ejercitado la acción correspondiente para hacer efectiva la obligación en el inmueble hipotecado. La ley ofrece al acreedor hipotecario completa protección para que pueda sujetar la garantía al cumplimiento de la obligación. *Si por haber prescindido de esta garantía no puede asegurar la efectividad de su crédito en la cosa hipotecada, culpa es de sus propios actos y no tiene, por tanto, motivos para quejarse.*" (Bastardillas nuestras.)

Las frases que hemos hecho constar en bastardillas no tienen el alcance que pretende darles el apelante. Lo que ellas significan es que el acreedor que ha elegido la acción ordinaria, no puede, dentro de esa acción ordinaria, embargar el inmueble hipotecado cuando los derechos dominicales sobre dicho inmueble han pasado a un tercero, que no es parte en la acción. No va la decisión hasta el punto de sostener, como pretende el apelante, que el acreedor hipotecario ha perdido o renunciado sus derechos como tal. La decisión sostiene, en su parte dispositiva, todo lo contrario, al decir:

"Por las razones expuestas, debe revocarse la sentencia apelada y dictarse otra en su lugar declarando que la demandante Marcia Torres Maldonado es dueña de la finca que se describe en la demanda y ordenando la cancelación del embargo practicado en el registro de la propiedad a petición del demandado, sin especial condenación

de costas *y sin perjuicio de que dicho demandado pueda ejercitar la acción real correspondiente con la intervención de todas las partes interesadas para hacer efectiva en el inmueble hipotecado la obligación contraída a su favor."*

El párrafo que acabamos de transcribir y especialmente las palabras que en el mismo aparecen en bastardillas, puede más bien citarse como autoridad para sostener la supervivencia de la acción real hipotecaria, aún después de haber elegido el acreedor hipotecario la acción ordinaria para el cobro de su acreencia.

En el caso de *National City Bank* v. *De la Torre,* 48 D.P.R. 134, y 49 D.P.R. 562, citado por el apelante, alegó el demandado Francisco de la Torre que él no era deudor solidario del pagaré envuelto en la demanda, sino un fiador solidario, y que como tal fiador solidario quedó libre de la obligación, por no poder quedar subrogado en la hipoteca que garantizaba el pagaré, por el hecho de haber ejercitado el demandante la acción personal, prescindiendo de la hipoteca, y haber embargado bienes del demandado Francisco de la Torre, lo que equivalía a una renuncia tácita del gravamen, quedando así la finca hipotecada libre de toda responsabilidad. Y esta corte resolvió:

"En cuanto a la subrogación, bastará decir que en la repetida escritura de reconocimiento de deuda e hipoteca, se pactó lo que sigue:

" 'Cuarta.—El Banco acreedor se reserva el derecho, en caso de incumplimiento de esta obligación, de exigir su pago total de cualquiera de los deudores o de ambos a la vez y de reclamar judicialmente el pago de la hipoteca, todo ello a opción exclusiva del Banco, por el orden que convenga al acreedor o persiguiendo dichas garantías todas a un tiempo.'

"En tal virtud lo que hizo el banco demandante fué ejercitar su derecho en la forma en que éste le fué reconocido expresamente por el propio demandado apelante. Y si se toma en consideración además lo pactado en la cláusula tercera de la escritura que se transcribió anteriormente con respecto a la subsistencia de la hipoteca, se verá que no hay base para la aplicación del artículo 1751 del Código Civil, ed. 1930, invocado." 49 D.P.R. 562.

Cuando el apelante en el caso de autos aceptó la parcela de terreno que le fué adjudicada en pago de la sentencia a su favor y en contra de la señora De la Torre, sabía que dicha parcela estaba afecta a la hipoteca constituída como garantía del pagaré otorgado a favor del National City Bank, y por consiguiente la aceptó sujeta a las responsabilidades y obligaciones constantes en la escritura de constitución de hipoteca, la que fué inscrita en el registro de la propiedad, según se alega en la demanda. Las estipulaciones contenidas en dicha escritura son tan obligatorias para el demandante, en cuanto a la garantía hipotecaria, como puedan serlo para la deudora original doña Mercedes de la Torre. Y esas obligaciones del contrato de garantía hipotecaria continúan en toda su fuerza y vigor hasta que la obligación principal haya sido extinguida por el pago.

El apelante en este caso, como actual dueño y poseedor de la parcela hipotecada, no puede ser privado de sus derechos dominicales sobre el inmueble sino mediante el procedimiento sumario o por una acción real en cobro del crédito hipotecario y después de haber tenido una oportunidad de defenderse como parte en dicha acción. Pero no tiene derecho el apelante a pedir que se libere su finca del gravamen hipotecario, por el solo hecho de que el acreedor haya embargado propiedades de un codeudor, para mayor garantía de la efectividad de la sentencia que solicita. La liberación de su finca sólo podría obtenerla el apelante, alegando y probando que la obligación principal ha sido satisfecha. Y ese hecho esencial y necesario para la existencia de la causa de acción que se pretende ejercitar no aparece alegado en la demanda.

La Corte inferior no erró al sostener la excepción previa basada en la insuficiencia de la demanda, y al declarar que la demanda es prematura.

*Se confirma la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.