CARMEN ZARAGOZA, demandante y apelada, *v*. EMILIA SANTIAGO, demandada y apelante.

Núm. 7498.—*Sometido:* Mayo 17, 1937. *Resuelto:* Mayo 20, 1937.

*Luis Lloréns Torres* y *F. de la Torre,* abogados de la apelante; *José E. Segarra,* abogado de la apelada.

El. Juez Asociado Señor Travieso emitió la opinión del tribunal.

En 28 de enero de 1932, la demandada apelante otorgó un pagaré que en lo pertinente lee así:

"Debo y pagaré al tenedor endosatario de la presente obligación el día 28 de enero de 1933 la suma de Quinientos Dólares valor recibido en garantía de la cual y de sus intereses al uno por ciento mensual pagaderos por meses vencidos y de la suma de Cien Dólares como penalidad para costas, gastos y honorarios de abogado en caso de reclamación judicial, he constituído hipoteca sobre casa y solar, etc.''

En la misma fecha de su otorgamiento dicho pagaré fué endosado por la demandada a don Augusto Malaret y por éste a la demandante, quien radicó demanda ordinaria en la que pide sentencia por $500 de principal, $100 por intereses de un año y ocho meses y $100 como penalidad estipulada para costas, gastos y honorarios de abogado. Habiéndose anotado oportunamente la rebeldía de la demandada, el Secretario de la Corte de Distrito de San Juan, a moción de la demandante, dictó y registró sentencia de acuerdo con la súplica de la demanda. La demandada apeló. La demandante apelada solicita la desestimación del recurso por ser éste frívolo y que se condene a la apelante al pago de costas y honorarios de esta apelación, de acuerdo con la Ley núm. 69 de 1936 (pág. 355). Como fundamentos de su recurso, la apelante alega:

■ Que la corte erró al dictar sentencia por medio de su secretario, porque de acuerdo con el inciso 1ro. del Artículo 194 del Código de Enjuiciamiento Civil, el secretario sólo puede dictar sentencia en rebeldía cuando en la demanda se alega *un solo contrato sobre pago de dinero,* celebrado entre demandante y demandado; y que en la demanda en el presente caso se alega el otorgamiento del pagaré e hipoteca, y también los dos endosos a Malaret y a la demandante, que son dos contratos por separado.

La frivolidad de este argumento es obvia y aparente. El Código de Enjuiciamiento Civil dispone:

"Artículo 194.—Podrá dictarse sentencia, si el demandado dejare de contestar a la demanda, en los casos siguientes:

"1. En un pleito que nazca de un contrato sobre pago de dinero. . ., si no se hubiere presentado la contestación al secretario de la corte, dentro del término señalado en la citación. . .; el secretario, a instancia del demandante, deberá hacer constar la rebeldía del demandado, y acto seguido anotará en el récord de la corte la sentencia para el pago de la cantidad especificada en la citación, con más las costas contra el demandado. . ., en los casos previstos en el artículo 96."

La acción que se ejercita en el caso de autos nace de un contrato por el cual la demandada se compromete a pagar determinada suma de dinero, más sus intereses al tipo convenido, más una suma estipulada como penalidad líquida para cubrir costas y honorarios, a la persona que en la fecha del vencimiento o con posterioridad a éste fuere el tenedor endosatario del pagaré representativo de la obligación. Existe una sola obligación, la de pagar; una sola persona obligada al pago, la otorgante del pagaré; y una sola persona con derecho a exigir el cumplimiento de la obligación, el adquirente por endoso del pagaré.

Es evidente que cuando se trata de recobrar sumas de dinero fijadas expresamente en el contrato o fácilmente determinables mediante una simple operación aritmética, como en el presente caso, el secretario de la corte puede anotar la rebeldía del demandado y registrar una sentencia a favor del demandante por la cantidad especificada en la citación. Véanse: *National City Bank* v. *De la Torre,* 48 D.P.R. 134; *Martínez* v. *Figueroa,* 50 D.P.R. 951.

El alegado error carece de méritos y es claramente frívolo.

■ Que tratándose de una ejecución hipotecaria por la vía ordinaria, debe pedirse en la demanda y decretarse en la sentencia,

que ésta deberá ser ejecutada primeramente sobre la finca hipotecada y que sólo en el caso de que ésta no cubra la reclamación es que podrá ejecutarse la sentencia sobre otros bienes del deudor.

La frivolidad y falta de méritos de este alegado error surge sin necesidad de argumentación. La hipoteca es una obligación subsidiaria; y la persona a favor de quien ha sido constituída puede hacer caso omiso de la hipoteca y proceder al cobro de la obligación principal por la vía ordinaria y al embargo de cualesquiera bienes del deudor, sin que por ello se entienda renunciada o extinguida la garantía hipotecaria, la cual subsiste hasta que la deuda por ella garantizada haya sido satisfecha. *Fossas* v. *National City Bank*, 50 D.P.R. 325.

▇ Que la sentencia es errónea en cuanto concede a la demandante intereses de mora.

La demandante alegó que la demandada había dejado de pagar intereses desde abril 19 de 1935 y pidió sentencia por los intereses devengados desde esa fecha hasta el 31 de diciembre de 1936, montantes a la suma de $100. En el emplazamiento se hizo constar que la demandante reclamaba esa suma por concepto de intereses y se notificó a la demandada que de no comparecer a contestar la demanda dentro del término legal se dictaría sentencia en su contra por la indicada suma. La demandada, al no comparecer y permitir que se dictase sentencia en rebeldía, admitió el derecho de la demandante a reclamar dichos intereses, y no puede ahora en apelación levantar la cuestión sobre si la demandante tenía o no tal derecho. La demanda en este caso alegó hechos suficientes para justificar la sentencia recurrida.

*Debe desestimarse por frívolo el recurso, con las costas a cargo de la apelante, debiendo incluirse en las costas de esta apelación la suma de $50 como honorarios de abogado.*