*83 Opinión de conformidad emitida por la
Juez Asociada Se-ñora Rodríguez Rodríguez.
Estoy conforme con la determinación anunciada en la sentencia, que hoy se dicta, donde se concluye que las es-crituras objeto de este recurso no son inscribibles en el Registro de la Propiedad. Según las alegaciones de las par-tes en el caso, entiendo pertinentes unas expresiones res-pecto a la diferencia entre el vencimiento y la vigencia de las obligaciones. Por otro lado, estimo que este caso re-quiere un análisis sobre la legislación aplicable a los paga-rés hipotecarios para determinar si las escrituras, objeto de la controversia, son inscribibles en el Registro de la Propiedad. Los hechos de este caso se encuentran resumi-dos adecuadamente en la sentencia por lo que no habremos de repetirlos.
HH
A. Para resolver la controversia ante nuestra conside-ración debemos aclarar la diferencia entre el vencimiento de una obligación y su vigencia. El vencimiento es la “[germinación del plazo establecido legal o convencional-mente para el cumplimiento de una obligación”. M. Osorio, Diccionario de ciencias jurídicas, políticas y sociales, Bue-nos Aires, Ed. Heliasta, 1992, pág. 1004. Es la “[flecha en la que se debe hacer frente al pago de una obligación finan-ciera por haberse hecho exigible”. Diccionario de Contabili-dad y Finanzas, Madrid, Ed. Cultural, 2003, pág. 272.
Cuando vence una obligación garantizada por una hipo-teca y ésta no ha sido pagada, el acreedor puede pedir la ejecución de la hipoteca para satisfacer su crédito. First Federal Savs. v. Registrador, 113 D.P.R. 857, 860-861 *84 (1983). Es decir, la hipoteca se considera vencida cuando vence la obligación que garantiza.
Por otro lado, cuando hablamos de vigencia nos referi-mos al “[pjeriodo durante el cual las leyes, costumbres o contratos están en vigor y desarrollan todos los efectos ju-rídicos que le son característicos”. Diccionario de Contabi-lidad y Finanzas, op. cit., pág. 273. Véase, además, Osorio, op. cit., pág. 985. De lo anterior se desprende que, mientras una obligación o un contrato permanezca vigente, tendrá los efectos jurídicos que le son característicos. Así, mien-tras una obligación tenga efectos jurídicos, estará vigente. Por el contrario, cuando una obligación no tenga ningún efecto jurídico, habrá perdido su vigencia.
Por lo tanto, mientras un acreedor hipotecario tenga la facultad legal para ejecutar su hipoteca, ésta permanecerá vigente. Una vez el acreedor pierde todo derecho a ejecu-tarla, ésta habrá perdido su vigencia y no tiene efecto jurí-dico alguno. Precisamente eso es lo que ocurre cuando prescribe la acción hipotecaria, pues el acreedor hipoteca-rio pierde el derecho de ejecutarla. Es ésta la razón por la cual, una vez prescribe la acción hipotecaria, procede la cancelación del asiento hipotecario en el Registro de la Pro-piedad, ya que éste no tiene ningún efecto. Art. 145 de la Ley Hipotecaria y del Registro de la Propiedad (Ley Hipo-tecaria), 30 L.P.R.A. sec. 2469. Véase ESJ Towers, Inc. v. Registrador, 150 D.P.R. 298, 307-308 (2000). Mediante la prescripción, la hipoteca pierde su vigencia.
Según lo expuesto, el vencimiento de una hipoteca no es lo mismo que su vigencia. Por lo tanto, cuando una escri-tura de hipoteca establece una fecha de vencimiento y a su vez establece un término de vigencia distinto, no podemos concluir que tiene dos fechas de vencimiento como concluye la Registradora.
*85 II
Aclarada la diferencia entre el vencimiento de una obli-gación y su vigencia, abordemos la legislación aplicable a los pagarés hipotecarios pagaderos a la presentación. Es-pecíficamente, es preciso determinar cuál es el término prescriptivo de un pagaré hipotecario pagadero a la pre-sentación y cuándo comienza a transcurrir dicho término.
A. En un esfuerzo por modernizar nuestra legislación sobre instrumentos negociables se adoptaron en Puerto Rico los preceptos sobre instrumentos negociables que con-tiene la See. 3 del Código Uniforme de Comercio, mediante la aprobación de la Ley Núm. 208 de 17 de agosto de 1995, conocida como la Ley de Instrumentos Negociables y Tran-sacciones Bancarias (Ley de Instrumentos Negociables). Véase Exposición de Motivos de la Ley Núm. 208 de 17 de agosto de 1995 (1995 (Parte 1) Leyes de Puerto Rico 1012). No obstante, tal curso de acción suponía insertar en nues-tro ordenamiento legal un cuerpo de normas procedentes del derecho común, cuyos contornos no armonizan necesa-riamente con figuras del Derecho Civil.
La Ley de Instrumentos Negociables, según enmen-dada, dispone que un instrumento negociable se denomina pagaré si es una promesa. Sec. 2-104(e) de la Ley de Ins-trumentos Negociables, 19 L.P.R.A. sec. 504(e). De igual forma, la ley dispone que una promesa es “un compromiso escrito de pagar dinero suscrito por la persona que se obliga a pagar”. Sec. 2-103(a)(9) de la Ley de Instrumentos Negociables, 19 L.P.R.A. sec. 503(a)(9). Es decir, al hablar de pagarés nos referimos a una promesa de pago que se hace constar por escrito en un documento suscrito por el deudor.
Existen distintas clases de pagarés. Algunos pagarés contienen una fecha específica de vencimiento. Como ya explicamos, esto significa que el deudor debe pagar su obli- *86 gación en esa fecha(1) Sec. 2-108(b) de la Ley de Instru-mentos Negociables, 19 L.P.R.A. sec. 508(b).
Por otra parte, existen los pagarés vencederos o pagade-ros a la presentación. Un pagaré es pagadero a la presen-tación si “especifica que es pagader[o] a la presentación o de otra forma indica que es pagaderfo] cuando el tenedor lo exija, o ... no especifica ninguna fecha de pago”. See. 2-108(a) de la Ley de Instrumentos Negociables, 19 L.P.R.A. sec. 508(a). Este tipo de instrumento no contiene una fecha cierta de vencimiento, lo que lo convierte en exi-gible desde el momento de su emisión. Así, el tenedor de un pagaré de este tipo puede exigir el pago de la obligación en cualquier momento desde su emisión y en ese momento se considerará vencido(2) M.R. Garay Auban, Derecho cam-biarlo de Estados Unidos y Puerto Rico: Código Uniforme de Comercio de EE. UU, Ley de Transacciones Comerciales de Puerto Rico, Ponce, Ed. Rev. Der. Pur., 1999, pág. 73.
B. La Ley de Instrumentos Negociables también re-gula lo referente a la prescripción de los pagarés. La pres-cripción es una institución de derecho sustantivo, no pro-cesal, que constituye una de las formas de extinción de las obligaciones. Galib Frangie v. El Vocero de P.R., 138 D.P.R. 560, 566—567 (1995); Zambrana Maldonado v. E.L.A., 129 D.P.R. 740, 750 (1992); Culebra Enterprises Corp. v. E.L.A., 127 D.P.R. 943 (1991); Ortiz v. P.R. Telephone, 162 D.P.R. 715 (2004). Dicho de otro modo, la prescripción es una de las formas mediante las cuales una obligación pierde su vigencia.
*87 La prescripción es una institución de alto relieve en nuestro sistema de derecho. “[E]l propósito de la prescrip-ción es fomentar el pronto reclamo de los derechos a la vez que se procura la tranquilidad del obligado frente a la eterna pendencia de una acción civil en su contra [y se elimina] la incertidumbre de las relaciones jurídicas Umpierre Biascoechea v. Banco Popular, 170 D.P.R. 205, 212-213 (2007), opinión de conformidad. Véanse: Ortiz v. P.R. Telephone, 162 D.P.R. 715 (2004); Vera v. Dr. Bravo, 161 D.P.R. 308 (2004). Véanse, además: J. Santos Briz, Tratado de Derecho Civil, Barcelona, Ed. Bosch, 2003, T. 1, pág. 763; J. Puig Brutau, Caducidad, Prescripción Extin-tivay Usucapión, 3ra ed., Barcelona, Ed. Bosch, 1996, pág. 32; L. Diez-Picazo, La prescripción en el Código Civil, Barcelona, Ed. Bosch, 1984, pág. 93; L. Diez-Picazo y Ponce de León, La prescripción extintiva en el Código Civil y en la jurisprudencia del Tribunal Supremo, Madrid, Ed. Thomson-Civistas, 2003. “La institución de la prescripción extin-tiva aspira a asegurar la estabilidad de la propiedad y la certidumbre de los demás derechos.” Agulló v. ASERCO, 104 D.P.R. 244, 248 (1975). Véanse: Colón Prieto v. Géigel, 115 D.P.R. 232, 243 (1984); Padín v. Cía. Fom. Ind., 150 D.P.R. 403, 410 (2000); Maldonado v. Russe, 153 D.P.R. 342, 347 (2001). Mediante la prescripción de las acciones relacionadas a los derechos reales se le provee certeza al estado de derecho propietario.
La Ley de Instrumentos Negociables establece los tér-minos prescriptivos de las acciones para exigir el cumpli-miento de pago de un pagaré. Generalmente, los términos prescriptivos comienzan a transcurrir desde la fecha de vencimiento del pagaré. Conforme a ello, la ley establece que “una acción para exigir el cumplimiento de una obliga-ción Madrid, de pagar un pagaré que es pagadero en una fecha específica deberá comenzarse dentro de los tres (3) años siguientes a la fecha ... de vencimiento estipulada”. Sec. 2-118(a) de la Ley de Instrumentos Negociables, *88 supra. En otras palabras, cuando el pagaré establece una fecha de vencimiento, el tenedor del pagaré tendrá tres años para instar una acción para cobrarlo a partir de la fecha de vencimiento. Al transcurrir el término de tres años, la acción estará prescrita y la obligación no será exi-gible judicialmente.
Asimismo, la acción para exigir el cumplimiento de una obligación evidenciada por un pagaré pagadero a la presen-tación, deberá comenzarse dentro del término de tres años, contados a partir del requerimiento del pago al deudor. Si no se hace un requerimiento de pago, la acción para exigir el pago de la obligación prescribe, si el principal o los inte-reses no han sido pagados durante un periodo continuo de cinco años. Sec. 2-118 de la Ley de Instrumentos Negocia-bles, supra. Con lo cual debemos concluir que el término prescriptivo para instar una acción para exigir el pago de un pagaré vencedero a la presentación será de tres años. Este comenzará a transcurrir una vez se reclama el pago al firmante del pagaré, pues éste es el momento en que se considera vencido. Así también, en los casos cuando no me-die un requerimiento de pago, el término prescriptivo será de cinco años y comenzará a transcurrir en la fecha del último pago de intereses o del principal realizado por el firmante del pagaré. En este caso, el término prescriptivo no comienza a transcurrir desde la fecha de vencimiento del pagaré, sino desde la realización del último pago de principal o intereses.
Por otra parte, para atemperar la Ley de Instrumentos Negociables a nuestro derecho registral —de claro entron-que civilista— la Ley de Instrumentos Negociables con-tiene una disposición específica referente a la prescripción de los pagarés hipotecarios. Memorial Explicativo del P. de la C. 1815 de 8 de junio de 1995, pág. 4. Este Memorial Explicativo establece que:
Independientemente de cualquier disposición en contrario aquí contenida, una acción para exigir el cumplimiento de una *89 obligación, de una parte de pagar un pagaré garantizado por una hipoteca sobre bienes inmuebles, y todo interés deven-gado por tal obligación, deberá iniciarse dentro del término dispuesto por la sección 5492 del Título 31 para el ejercicio de la acción hipotecaria. See. 2-118(h) de la Ley de Instrumentos Negociables, 19 L.P.R.A. sec. 518(h).
El estatuto nos refiere al Art. 1864 del Código Civil, el cual a su vez dispone que “la acción hipotecaria prescribe a los veinte (20) años”. 31 L.P.R.A. sec. 5294. De esta forma, la Ley de Instrumentos Negociables establece una pres-cripción especial para los pagarés que están garantizados por una hipoteca sobre bienes inmuebles, imponiéndoles el mismo término prescriptivo de la acción hipotecaria. Surge claramente del informe del Senado sobre la medida que las reglas de prescripción establecidas en la Ley de Instru-mentos Negociables de 1995, antes discutidas, “no aplican a los pagarés hipotecarios, [los cuales] continuarán sujetos a lo dispuesto en el Artículo 1864 del Código Civil”. In-forme sobre el P. de la C. 1815, 11 de julio de 1995, pág. 48.(3) En fin, el término prescriptivo de un pagaré hipote-cario es veinte años.
HH l-H I — I
Ahora bien, nos resta determinar cuándo comienza a transcurrir el término prescriptivo de un pagaré hipotecario. Como ya advertimos, generalmente los térmi-nos prescriptivos comienzan a transcurrir desde la fecha de vencimiento del pagaré. En este sentido, el pagaré hipo-tecario no debe tratarse diferente a los demás tipos de pagarés. Por lo tanto, cuando tenemos un pagaré hipoteca-rio que establece una fecha cierta de vencimiento, el tér- *90 mino prescriptivo para instar la acción para exigir su cum-plimiento comenzará a transcurrir en esa misma fecha. Lo anterior es conforme a la Sec. 2-118(h) de la Ley de Instru-mentos Negociables, supra, pues de igual manera, el tér-mino prescriptivo de la acción hipotecaria de una hipoteca con fecha cierta de vencimiento, comenzará a transcurrir en esa fecha. Art. 145 de la Ley Hipotecaria, 30 L.P.R.A. see. 2469.
Sin embargo, cuando nos enfrentamos a un pagaré hi-potecario pagadero a la presentación, la situación es diferente. Este tipo de pagaré carece de una fecha especí-fica de vencimiento, pues se considera vencido en el mo-mento cuando el tenedor del pagaré reclama el pago de la obligación. Lo anterior hace imposible que se establezca en la escritura de hipoteca una fecha cierta de vencimiento en la cual comience a transcurrir el término prescriptivo.
La Ley Hipotecaria establece que “[l]a acción hipoteca-ria prescribe a los veinte (20) años, contados desde que pueda ser ejercitada con arreglo al título inscrito”. Art. 180 de la Ley Hipotecaria, 30 L.P.R.A. see. 2576. Dicho de otra manera, generalmente el término prescriptivo de la acción hipotecaria comienza a transcurrir desde la fecha de su vencimiento. Conforme con ello, la Ley Hipotecaria esta-blece, además, que "[a] petición de parte, ... los registrado-res cancelarán las hipotecas que tengan más de veinte (20) años de vencidas o, si no tuvieron término de vencimiento, de constituidas”. Art. 145 de la Ley Hipotecaria, 30 L.P.R.A. see. 2469. Así, cuando una hipoteca no tiene fecha de vencimiento, la Ley Hipotecaria dispone que el término prescriptivo de veinte años que dicta el Código Civil co-mienza a transcurrir desde la fecha de inscripción de la hipoteca(4) Id. Una escritura de hipoteca que garantiza un pagaré hipotecario vencedero a la presentación no contiene *91 una fecha cierta de vencimiento. Este es uno de los supues-tos en los que el término prescriptivo para ejercitar la ac-ción hipotecaria comienza a transcurrir desde el momento de la inscripción.
Como hemos expresado, la Ley de Instrumentos Nego-ciables hace un llamado a la disposición sobre la prescrip-ción de la acción hipotecaria contenida en el Código Civil para establecer el término prescriptivo de los pagarés hi-potecarios, independientemente de las reglas de prescrip-ción que adopta la ley, en aras de mantener la uniformidad entre la vigencia de la obligación principal y la garantía hipotecaria. Así, la Sec. 2-118(h), supra, establece que la acción para exigir el pago de un pagaré hipotecario deberá iniciarse dentro del término dispuesto para el ejercicio de la acción hipotecaria. Dicho de otro modo, el acreedor pierde el derecho de instar la acción, si transcurre el tér-mino de veinte años dispuesto para el ejercicio de la acción hipotecaria. Por lo tanto, se hace imperativo determinar que el término prescriptivo de un pagaré hipotecario paga-dero a la presentación comienza a transcurrir en el mismo momento en que comienza a transcurrir el término pres-criptivo de la hipoteca que lo garantiza, o sea, una vez se inscribe la hipoteca en el Registro de la Propiedad. Es de-cir, un pagaré hipotecario que no contenga una fecha de vencimiento prescribirá y perderá su vigencia trascurridos veinte años desde de que se inscriba la hipoteca que lo garantiza en el Registro de la Propiedad. Al igual que ocu-rre cuando ni el principal ni los intereses de un pagaré pagadero a la presentación han sido pagados por un pe-riodo continuo de cinco años, este es otro supuesto en el cual el término prescriptivo de un pagaré no comienza a transcurrir en la fecha de su vencimiento.
Anteriormente hemos manifestado que “no es posible admitir un plazo distinto de prescripción del crédito y de la garantía, debe entenderse que los créditos garantizados con hipoteca no prescriben a los quince años, sino a los *92 veinte, aunque en tal supuesto se da la anomalía de que lo accesorio influye sobre lo principal”. ESJ Towers, Inc. v. Registrador, supra, pág. 308, citando a C. Díaz González, Iniciación a los estudios de Derecho Hipotecario, Madrid, Ed. Rev. Der. Privado, 1967, T. III, pág. 307. Véanse, ade-más: Altuna v. Ortíz et al., 12 D.P.R. 332, 344 (1907); San-tini Fertilizer Co. v. Albert E. Lee & Son, 44 D.P.R. 223, 227 (1932); Campos v. Cía. Fom. Ind., 153 D.P.R. 137, 148-149 (2001). De igual forma, es insostenible para nuestro sis-tema registral que el término prescriptivo de un pagaré hipotecario vencedero a la presentación comience a trans-currir en el momento en que se hace un requerimiento de pago al deudor, pues su vigencia podría extenderse indefinidamente. Según este supuesto, no existiría una fe-cha cierta que surgiera del Registro de la Propiedad que permitiera determinar la existencia de la acción hipoteca-ria, lo que trastocaría el principio de publicidad. Un tercero no podría conocer con exactitud si existe o no un gravamen hipotecario sobre un bien inmueble.
No obstante lo anterior, debemos advertir que en este caso la Ley de Instrumentos Negociables estableció un tér-mino prescriptivo para el pagaré hipotecario igual al tér-mino prescriptivo de la acción hipotecaria. Por lo tanto, es en virtud de la Ley de Instrumentos Negociables, y no de la legislación referente a la hipoteca, que resolvemos en esta ocasión que el término prescriptivo de un pagaré hipoteca-rio vencedero a la presentación es veinte años.(5) Trascu-rrido dicho término, el pagaré hipotecario pierde su vigencia.
Dada la naturaleza accesoria de la hipoteca, ésta sólo puede subsistir por el tiempo en que subsista la obligación principal que garantiza. "La hipoteca se extingue en todo caso que se extinga la obligación garantizada.” L.R. Rivera *93 Rivera, Derecho Registral Inmobiliario Puertorriqueño, 2da ed., San Juan, Jurídica Eds., 2002, pág. 508. Estable-cido que un pagaré hipotecario que venza a la presentación prescribe a los veinte años y en ese momento pierde su vigencia, necesariamente la hipoteca que lo garantiza sólo puede tener una vigencia máxima de veinte años. Una vez transcurrido dicho término, el tenedor dél pagaré hipoteca-rio está impedido de instar una acción para cobrar su acreencia y, de igual forma, está impedido de ejecutar la hipoteca que garantiza dicho pagaré.
> H — I
En este caso, las escrituras de hipoteca establecen que el pagaré hipotecario es pagadero a la presentación. Por otra parte, establecen un término de vigencia de la hipo-teca de treinta y treinta y cinco años. El pagaré hipotecario pagadero o que venza a la presentación tiene un término prescriptivo de veinte años que comienza a transcurrir desde el momento de la inscripción en el Registro de la Propiedad de la escritura de hipoteca que lo garantiza. Transcurrido dicho término, el pagaré prescribe y pierde su vigencia. La hipoteca se extingue una vez se extingue la obligación principal. Por lo tanto, las hipotecas que garan-ticen este tipo de pagaré se extinguen transcurridos veinte años desde su inscripción, al igual que la obligación que garantizan.
En vista de lo anterior, las escrituras de hipotecas objeto de esta controversia no contienen dos fechas de venci-miento diferentes como concluyó la Registradora de la Pro-piedad, sino que claramente garantizan obligaciones ven-cederas a la presentación. Además, las escrituras de hipoteca en cuestión tendrán una vigencia de veinte años. La cláusula que establece una vigencia mayor de veinte años no surte efectos reales, pues la hipoteca tendría una vigencia mayor que el pagaré hipotecario que garantiza, *94 esto en contraposición con el carácter accesorio de la hipoteca. Al establecer en las escrituras de hipoteca vigen-cias incorrectas de treinta y de treinta y cinco años, se viola el principio de especialidad, por lo que dichas escritu-ras no son inscribibles en el Registro de la Propiedad.

 Existen otros tipos de pagarés con diferentes vencimientos que no son nece-sario mencionar para propósitos de esta opinión. Véase: M.R. Garay Auban, Derecho cambiario de Estados Unidos y Puerto Rico: Codigo Uniforme de Comercio de EE.UU., Ley de Transacciones Comerciales de Puerto Rico, Ponce, Ed. Rev. Der. Pur., 1999, págs. 72-84; Sec. 2-108(c) de la Ley de Instrumentos Negociables y Transac-ciones Bancarias (Ley de Instrumentos Negociables), 19 L.P.R.A. sec. 508(c).

 La Sec. 2-105(a) de la Ley de Instrumentos Negociables, 19 L.P.R.A. see. 505(a), define emisión como “la primera entrega del instrumento hecha por el fir-mante o librador, bien sea a un tenedor o a un no tenedor, con el propósito de conce-derle derechos en el instrumento a cualquier persona”.

 Asimismo, en el Informe de la Cámara sobre la medida se establece que “[e]n la sección 2-118 se imponen reglas sobre la prescripción respecto a acciones deriva-das bajo este capítulo ... [s]e hace una excepción en el caso del pagaré hipotecario donde se establece que el término prescriptivo será el que dispone el Código Civil en su artículo 1864”. Comisión Especial de Asuntos Bancarios de la Cámara de Repre-sentantes de Puerto Rico, Informe del P. de la C. 1815, 6 de junio de 1995, pág. 11.

 Es importante señalar que uno de los requisitos para la constitución de la hipoteca es la inscripción. Es decir, la hipoteca no nace hasta que se inscribe en el Registro de la Propiedad. Art. 1774 del Código Civil, 31 L.P.R.A. sec. 5042.

 Alas hipotecas en garantía de títulos al portador no le aplican rigurosamente los requisitos de las hipotecas regulares incompatibles con las características de dichos títulos. Véase FDIC v. Registrador, 111 D.P.R. 602, 604-605 esc. 3 (1981).